## COMMONWEALTH *vs.* SARAH J. BLAISDELL.

Steps projecting from a house into a highway so as to obstruct it are a nuisance at common law; and under the Gen. Sts. c. 46, §§ 1, 2, maintaining them for any time less than forty years is no bar to an indictment therefor.

INDICTMENT for maintaining a nuisance in Hurd Street, a highway in Lowell, on January 1, 1870.

At the trial in the superior court in Middlesex, before *Scudder*, J., it appeared that Hurd Street was laid out as a highway June 26, 1839, and the boundaries thereof shown and made certain; that the defendant, at the time charged, owned a dwell

Commonwealth *v.* Blaisdell.

ing-house on the street, with three front steps projecting into the street about three and a half feet; and that these steps constituted the nuisance. There was also evidence tending to show that the steps were placed there as early as the year 1834.

The defendant requested the judge to instruct the jury, that, if they should find that the steps were placed there before December 31, 1839, then, upon the evidence, the indictment could not be maintained; the judge refused the request; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*R. B. Caverly*, for the defendant.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

GRAY, J. Placing or maintaining a building, stones or other obstructions in a public highway, without lawful authority, is a nuisance at common law, and indictable as such. *Commonwealth* v. *King*, 13 Met. 115. *Stoughton* v. *Porter*, 13 Allen, 191. Rosc. Crim. Ev. (6th ed.) 541. By the statute provisions now in force, which took effect from and after December 31, 1839, when the boundaries of a highway are made certain, (as they were in this case,) the continuance of a building in a highway cannot be justified by any length of time less than forty years, but may be indicted as a nuisance. Rev. Sts. *c.* 24, §§ 61, 62. Gen. Sts. *c.* 46, §§ 1, 2. This provision did not injuriously affect any private right, but merely shortened the period of limitation in such cases, which had previously been sixty years. St. 1786, *c.* 67, § 7. · *Cutter* v. *Cambridge*, 6 Allen, 20. The front steps leading to a dwelling-house are clearly part of the building, and when they project into the highway, the building is in the highway, within the meaning of the statute. *Hyde* v. *Middlesex*, 2 Gray, 267. The instruction requested was therefore rightly refused.

*Exceptions overruled.*