EDMOND H. SMITH *vs.* ARTHUR A. ADAMS.

Hampden.    September 27, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Nuisance,* What constitutes.    *Way,* Public, Ancient steps in public way.    *Easement,* By prescription.    *Municipal Corporations,* Officers and agents.

The superintendent of streets of a city, acting under an order of the city council, has no right, for the purpose of relaying a sidewalk upon a public street whose boundaries are defined and certain, to remove stone steps which stand within the limits of the street, if the steps have stood there continuously for forty years

and were designed and are used as an entrance from the street to a building, although there is a space of from three quarters of an inch to an inch between the wall of the building, which stands on the line of the street, and the top step.

BILL IN EQUITY, filed in the Superior Court on October 22, 1909, to restrain the defendant, the superintendent of streets of Springfield, from removing stone steps which were in front of buildings of the plaintiff on Main Street in that city and which extended into the street, but which had been in place for more than forty years.

The suit was heard by *Pierce*, J., the testimony being taken by a commissioner appointed under Equity Rule 35. A final decree was ordered and entered, restraining the defendant as prayed for in the bill; and the defendant appealed.

The case was submitted on briefs.

*J. L. Doherty*, for the defendant.

*F. H. Stebbins*, for the plaintiff.

BRALEY, J. The steps which the defendant as superintendent of streets proposed to remove in relaying the sidewalk under an order of the city council, being within the limits of the highway, interfered with the public easement, and constituted an indictable nuisance at common law. *Commonwealth* v. *King*, 13 Met. 115. But, as the defendant concedes that they have remained in their present position for a period of more that forty years, the rights of the parties must be determined by our statutes. The R. L. c. 53, § 1, which is a re-enactment of the St. of 1786, c. 67, § 7, the Rev. Sts. c. 24, § 61, the Gen. Sts. c. 46, § 1, and Pub. Sts. c. 54, § 1, provides that a building or fence within the boundaries of a highway which can be made certain by records or monuments "may upon the presentment of a grand jury be removed as a nuisance unless it has continued at least forty years." In the construction of these statutes it is settled that, while buildings or fences which have been erected and continued for more than twenty years on .the line of a highway whose location cannot otherwise be ascertained shall be taken to be the true boundaries, an abutting landowner, who has maintained as of right for forty years a building or fence within a highway where the boundaries can be located either by records or monuments, thereby acquires against the public a prescriptive or absolute right to their permanent continuance. *Cutter* v.

*Cambridge*, 6 Allen, 20, 24. *Attorney General* v. *Revere Copper Co.* 152 Mass. 444, 453.

If therefore the steps were a part of the plaintiff's building, the defendant could not lawfully remove them. The very slight and negligible space between the brick wall and the contiguous parallel surface of the first step,* did not make them an independent structure. If there was no actual contact, they were so designed and fitted as to provide the only entrance from the street, making the building accessible and usable for the purposes of trade or general occupation. Nor is it shown that stone steps of this construction must necessarily be attached in some way to the building, but, according to the evidence, after being set they remained securely and permanently in place by gravity. The question presented does not involve the construction of a building contract as in *United States* v. *Mueller*, 113 U. S. 153, 154, relied on by the defendant, and there seems to be no satisfactory reason for a separation into parts, by a possible over-refinement, of that which was constructed and intended to be used as a whole. We are of opinion that steps of a dwelling house or other building, after having been put in adjustment and located as these were and which are essential for its completion and convenient use, become a part of it, even where they can be removed without detaching them from the principal edifice. *Hyde* v. *Middlesex*, 2 Gray, 267. *Commonwealth* v. *Blaisdell*, 107 Mass. 234.

*Decree affirmed.*

---

* The testimony was that the space was from three quarters of an inch to an inch.