ZEININGER, Respondent, vs. PREBLE, Administrator, Appellant.

*December 16, 1920—January 11, 1921.*

*Landlord and tenant: Landlord's duty to keep buildings safe: Injury to tenant: Evidence.*

1. Under sec. 2394—48, Stats., requiring every employer and every owner of a public building to construct and maintain it so as to render the place or building safe, the owner of an apartment house, which was a public building as defined by sub.

(12), sec. 2394—41, is liable to a tenant for injuries resulting from the unsafe condition of a passageway, regardless of the landlord's liability at common law and without the industrial commission having taken any action to enforce the section.

2. Uncontradicted evidence that the floor of an upstairs porch in an apartment building was not reasonably safe, that no inspection had been made as ordered, and that while the defect might have been discovered by a proper inspection it was not plainly visible to the unpracticed observer, shows the failure of the landlord to perform her statutory duty as the owner of a public building to maintain the passageway in a reasonably safe condition.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

The plaintiff was a tenant from month to month of apartment No. 16, No. 206 Ninth street, in the city of Milwaukee. The plaintiff's apartment was situated on the fourth floor, and at the rear opened on a porch which was used as a common passageway by the plaintiff and other tenants. The building in which the plaintiff's apartment was situated contained in all thirty-five apartments. The porch in question was at the rear and extended north and south. At either end of the porch was a stairway leading to the porch below. On the 29th day of August, 1917, while the plaintiff was engaged in hanging out clothes on the porch, the floor gave way, and she received the injuries complained of. The jury found, first (by direction of the court), that the floor of the porch was defective and unsafe; second, the owner, in the exercise of ordinary care, ought to have known of such condition in time to have repaired the same prior to the accident; third, that the failure of the owner, in the exercise of ordinary care in that regard, was the proximate cause of the injury; fourth, that the plaintiff was not guilty of any negligence contributing to her injury; and fifth, assessed plaintiff's damages at $3,500. There were the usual motions on the part of the defendant, which were denied, and judgment was entered for the plaintiff, from which the defendant appeals.

*Louis A. Dahlman* of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

ROSENBERRY, J.  The main contention of the defendant here is that a landlord is not liable to a tenant for injuries resulting from a lack of repairs unless he has expressly contracted to repair or unless the defect is a concealed one known to the landlord and not disclosed to the tenant and not discoverable by the latter by the use of that degree of care which the law demands, citing *Cole v. McKey,* 66 Wis. 500, 29 N. W. 279; *Dowling v. Nuebling,* 97 Wis. 350, 72 N. W. 871; *Fellows v. Gilhuber,* 82 Wis. 639, 52 N. W. 307; *Kurtz v. Pauly,* 158 Wis. 534, 149 N. W. 143; and *Anderson v. Hayes,* 101 Wis. 538, 77 N. W. 891.

We do not find it necessary in this case to consider or determine the liability of a landlord at common law for failure to repair, or whether or not he is in duty bound to repair, and, if so, under what circumstances.  Sub. (12), sec. 2394—41, Stats., defines a public building as any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or used by the public, or by three or more tenants.  The building here in question was occupied by a large number of tenants and was, within the statutory definition, a public building.

By sec. 2394—48, Stats., it is provided:

"Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, and every architect shall so prepare the plans for the construction of such place of employment or public building, as to render the same safe."

That part of sec. 2394—48 applicable to public buildings was referred to in *Hommel v. Badger State Inv. Co.* 166 Wis. 235, 165 N. W. 20.  But in that case the relation of

landlord and tenant did not exist.   The argument made here
is that secs. 2394—41 to 2394—71, inclusive, simply confer
upon the industrial commission of Wisconsin the right to
investigate, ascertain, and determine by general order such
classification of persons, employment, places of employment,
and public buildings as shall be necessary to carry out the
purpose of the statute, and that liability on the part of the
owner of a public building for failure to comply with the
statute must therefore await some action on the part of the
industrial commission.   We think this position untenable.
While the statute has not been construed in a case where the
relationship of landlord and tenant existed, it has been many
times applied where the relationship was that of employer
and employee.   It has been uniformly held that the statute
of its own force imposed upon the employer liability for all
injuries resulting from hazards, risks, and dangers incident
to the business due to an unsafe place, however open and
obvious such hazards, risks, and dangers might be to the
employee (*Besnys v. Herman Zohrlaut L. Co.* 157 Wis.
203, 147 N. W. 37; *Langos v. Menasha P. Co.* 156 Wis. 418,
145 N. W. 1081) ; and there are many other cases to the
same effect.   The language of the statute with reference to
the duty of an employer to maintain a place of employment
that is reasonably safe is the same as that which imposes
upon a landlord or other owner of a public building the duty
to maintain the structure in a reasonably safe condition.   No
reason why the statute should apply in one case and not in
the other is pointed out, and we see none.   It is held, there-
fore, that the statute applies.

It appears from the uncontradicted evidence that the
floor of the passageway was not reasonably safe.   Although
an inspection had been ordered none had been made, and
while the defect might have been discovered by a proper
inspection by tapping or otherwise, it was not one that was
plainly visible to the unpracticed observer.   Whatever the
duty of the defendant's decedent may have been as landlord,

it was her duty, as the owner of a public building, to maintain the passageway in a reasonably safe condition. This she failed to do.

The defendant further contends that there is no evidence of the decedent's negligence, or at least not sufficient evidence to sustain the verdict, aside from the photograph of the passageway in question taken after repairs to the passageway were made following the accident, and that the verdict, therefore, cannot be sustained. Without discussing whether or not the photograph was properly admissible as tending to establish the defective condition of the floor, we are of opinion that there is ample evidence to sustain the finding that the floor in the passageway was defective and unsafe. The defendant's contention on this point must be overruled.

There being ample evidence to sustain the verdict, the judgment of the trial court was right.

*By the Court.*—Judgment affirmed.