STATE OF MAINE *vs*. MAX GOLDBERG.

Kennebec.        Opinion January 8, 1932.

H. C. Marden,
P. F. Fitzpatrick, for State.
W. C. Atkins,
G. W. Heselton, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

DUNN, J.    This case is up on report.

Incumbering a public way by buildings is, within certain limitations and exceptions, an indictable nuisance. R. S., Chap. 26, Sec. 5. The statute is but declaratory of the common law. Corthell v. Holmes, 88 Me., 376.

When buildings have fronted, for more than twenty years, as of right, on a way, the bounds of which can not be made certain, either by records or monuments; or have so existed, for not less than forty years, when records or monuments make it possible to determine the exterior limits, the buildings shall be deemed the boundaries. R. S., Chap. 27, Sec. 108; Vye v. City of Medford, 266 Mass., 208, 165 N. E., 34.

The effect of the statute is to invest in the abutting landowner a prescriptive right to continue his building within the street limits, without liability for interfering with the public easement. Structures such as outside stairways, designed to furnish necessary access from a street to buildings adjacent the stairways, have been held to be a part of the "building." Smith v. Adams, 206 Mass., 513; Pickrell v. City of Carlisle (Ky., 1909), 121 S. W., 1029, 24 L. R. A. (N. S.), 193.

There are two counts in the present indictment, but the evidence relates only to the first. This count charges the respondent with incumbering Church Street, a public way in the city of Gardiner, by maintaining a flight of twelve wooden steps, and an upper landing, within the northerly line of that street.

The respondent owns a block at the northwest corner of Church and Water streets. The steps and landing which afford entrance to the second story of the building, are attached as a shelf to its outer southerly wall. The State contends that, of their entire width of forty-four inches, only twelve inches of the stairs and landing are without the street; in other words, in closer statement of the charge in the indictment, that thirty-two inches of the structure projects into the street. If part of the stairs and landing are within the street, the fact that other parts are not would constitute no defense. *State* v. *Beal*, 94 Me., 520.

The first question which naturally presents itself is whether the stairs and landing place are proved, beyond a reasonable doubt, to be within the limits of the way.

There is proof of the laying out of the road, as a public highway, in 1814. It is described as three rods wide southwardly of a line, "Beginning on front street (now Water) at the Southeast corner of Jacob Davis's houselot," and thence following a given magnetic course "64 rods to the Brunswick road."

The assistant city engineer of Gardiner testifies that he searched all the records in his office showing road surveys by past city engineers, one of whom is still living, and from such records "produced lines on the ground down by the Goldberg (the respondent's) building, to see its relation to the street line." He produces no record; interprets none; does not otherwise refer to any, except to say that they are "in the safe in the office."

He disregards the only monument, one of stone, on the north side of Church Street, at the corner of Mechanic (a street paralleling Water, in the rear of the respondent's building), on the ground that, although it shows "through all the records," "it was noted in the book as being pushed out into Church Street on account of buildings"; he measures from a line drawn by him to intersect five, but apparently not all, private property markers on the south side of the street, to a point three rods distant, in a northerly direction, and thus establishes to his own satisfaction the exterior line on that side of Church Street.

The State is not required to prove the location of the north line of Church Street with the absolute certainty of a mathematical

demonstration, but beyond a doubt reasonably derived from the evidence, or lack of evidence, in the case. Of this proof is short.

On the authority of the report, the entry will be:

*Nolle prosequi.*