KEZAR, Respondent, vs. NORTHERN STATES POWER COMPANY, Appellant.

*October 9—November 14, 1944.*

For the appellant there were briefs by *Ramsdell, King & Linderman* of Eau Claire, and oral argument by *George Y. King* and *Bailey Ramsdell*.

*Willis E. Donley* of Menomonie, for the respondent.

FRITZ, J.    The personal injury, which resulted in the damages for which plaintiff seeks to recover from the defendant, under the safe-place statute, secs. 101.01 (11) and 101.06 were sustained by plaintiff on February 6, 1940, at about 9:30 a. m., when he, upon opening a rear exit door, slipped and fell as he was stepping out onto the upper platform of an outside stairway of a building owned by defendant.    It was erected in 1905 and used for banking purposes until acquired by defendant in 1920.    In 1930 the front portion of the building, which was separated from the rear portion thereof by a partition with a doorway connecting the two portions, was rented to plaintiff's wife for a ladies' dress shop. In the rear portion, which defendant used as a warehouse, there was a telephone and an old bank vault, in which it kept electrical applicances and supplies for use by its employees and occasional sales to patrons.    The building was heated by a furnace in the basement and the doorway leading thereto was in the south part of the rear portion of the building in the corner near the rear exit door.    Under an agreement between defendant and plaintiff's wife, each was to furnish part of

the fuel for heating the building, and Paul Ramsey, one of defendant's employees, was to take care of the fire; but sometimes plaintiff's wife went down to build the fire. She was sick at home on the morning in question, and as there had been a rain and sleet storm and it froze during the night, plaintiff went to the building and entered the dress shop through the front door and passed through the partition doorway to the cellar stairway and down to the furnace to build a fire. When plaintiff came up the cellar stairway Ramsey was standing in the vault door, and he talked with plaintiff a few minutes. Then he opened the exit door, and as he was stepping out through the doorway onto glare ice, which was on the platform, his feet slipped out from under him and he fell and was injured.

Plaintiff claims there was ample proof on the trial to establish that the character and use of the building, including the rear exit door and outdoor steps, were such as to constitute the building a "public building" under the definition in sec. 101.01 (12), Stats.; and that plaintiff's status while there when he was injured was such that he was a "frequenter" under the definition in sec. 101.01 (5), Stats. Upon the submittal of those issues for a special verdict, the jury answered the questions in favor of plaintiff and the findings were sustained by the court on motions after verdict. On the other hand, defendant contends plaintiff was a trespasser, and therefore the jury and court erred in finding that he was a frequenter. A review of all the evidence material in considering the issues involved discloses that the jury's findings in those respects were clearly well warranted by proof which is virtually undisputed, and that no useful purpose will be served by further discussion thereof.

Plaintiff also claims that he is entitled to the recovery, which he seeks in this action, on the ground that there were violations of the safe-place statutes, secs. 101.01 (11) and 101.06, in that defendant failed to maintain the building in

as safe condition as the nature thereof would reasonably permit, in the following respects found by the jury, to wit: (1) Failing to maintain an adequate platform on the rear steps, (2) failing to maintain an adequate eave trough over the back doorway, and (3) failing to keep the rear stairway free from ice. These findings (together with the jury's findings that plaintiff's injury was the natural result of such failures) were sustained by the court. And it also sustained findings by the jury that Ramsey ought, in the exercise of ordinary care, to have known of the icy condition of the stairway in time so that in the exercise of ordinary care he could have remedied it before the accident occurred, and that plaintiff was guilty of contributory negligence and that of the total causal negligence sixty per cent was attributable to defendant and forty per cent was attributable to plaintiff. Upon the findings thus sustained, the judgment was ordered for plaintiff's recovery of sixty per cent of the damages assessed by the jury.

Plaintiff's contention that there was a violation of the safe-place statute by reason of the failure to maintain an adequate platform was based on the fact that it extended outward from the exit door for a width of only twenty-two instead of thirty-six inches (as is required by an order of the Wisconsin Building Code, compiled in October, 1914, which was after the building was erected in 1905), or at least thirty inches, which one of defendant's employees testified (when called adversely by plaintiff) would be safer than the twenty-two-inches-wide platform. On the other hand, defendant contends there is no competent evidence to establish that the twenty-two-inch width of the platform was inadequate and rendered it unsafe; and that the building code compiled in 1914 is not applicable to the steps, which were erected in 1905 and were subject to only the general orders on existing buildings issued by the industrial commission, in which there was no requirement as to such platforms. However that may be, it is immaterial

in this case because the evidence herein does not admit of the jury's finding that plaintiff's injury was a natural and probable result of the failure to maintain a platform of more adequate width.

On the contrary, that such inadequacy was not a cause but that his injury was the result of glare ice on the platform at the doorway which caused him to slip and fall immediately upon stepping out of the door, is established conclusively by his own testimony to the following effect:

"As I came out the door there at the rear entrance right around that landing, I did not look where I was going. I just came up and opened the door and walked out and my feet slipped and went right out from under me. I didn't look to see whether or not it was icy there that morning before I stepped. I never thought of such a thing as ice. I just naturally walked out and all at once my feet went out from under me, I slipped and my feet went out from under me."

"I just opened the door and stepped out and that was all. All I can say is I walked out like anybody would walk out of a door and as I stepped my feet went out from under me. I don't remember whether I looked at the place I stepped on or not. I did know whether it was ice after I sat on it, after a while. It was icy. As to whether I didn't look, it was thin glare ice all over it. As to whether it looked like ice that would come from a sleet storm I wouldn't say it did; it was thin glare ice, just like glass. I don't know if you could look right straight through it, I know it was glare ice."

Consequently, it clearly was the glare ice on the platform and not the inadequate width thereof that was a cause of plaintiff's injury; and he cannot recover herein unless defendant can be held liable under the safe-place statute for a failure to have the platform and steps free from the glare ice which caused plaintiff to slip and fall, or the failure to maintain an adequate eave trough over the back door.

In respect to whether because of failures in either or both of such respects the owner of a building can be held liable

under the safe-place statute for an injury sustained upon slipping and falling as the result of a temporarily unsafe condition caused by ice formed from water falling from eaves onto an outdoor stairway platform, there is applicable the rule stated and applied in *Holcomb v. Szymczyk*, 186 Wis. 99, 103, 104, 202 N. W. 188; and approved in *Rosenthal v. First Bohemian B. & L. Asso*. 192 Wis. 326, 329, 212 N. W. 526; *Bent v. Jonet,* 213 Wis. 635, 640, 252 N. W. 290; and *Jaeger v. Evangelical Luth. Holy Ghost Cong*. 219 Wis. 209, 211, 212, 262 N. W. 585. In the *Holcomb Case* a tenant sought to recover under the safe-place statute from the owner of a building for injury sustained by her upon stepping through a doorway onto an outdoor platform, the icy condition of which, as the result of ice or snow falling, or of water dripping from eaves of a building, which was not so constructed as to prevent the accumulation of ice and snow upon the platform, caused her to fall. In holding that the tenant could not recover under the safe-place statute, this court said:

"It is contended in this case that this duty [under safe-place statute] was violated by reason of the fact that the building in question was not so constructed as to prevent ice and snow from falling or water from the eaves dripping upon the platform in question. . . . It is the contention here that because the building was not so constructed as to prevent the accumulation of ice and snow upon the platform, it was not as safe as the nature of the building would reasonably permit. If the law be so construed, it imposes upon the owners of public buildings duties and obligations to which they were entire strangers at the common law, and the record squarely presents the question whether or not the statute should be construed to refer to structural defects or whether it may be held to apply to conditions which are merely temporary and of a transitory character."

"It is well known to every one and must have been known to the legislature that there are thousands of buildings in the state of Wisconsin constructed in just the manner that this building was constructed, used and occupied so as to bring them within the classification of public buildings as defined in the

statute. It is difficult to believe that the legislature intended to throw upon these owners the burden of practically insuring the occupants thereof against possible injury by compelling them to cover every part of the premises so as to protect the same against snow, ice, and rain. It is considered that a building is safe, within the meaning of the statute, which is composed of proper materials and is structurally safe, and that the statute does not apply to temporary conditions having no relation to the structure of the building or the materials of which it is composed."

In view of the rule and reasons therefor, which are thus stated, there can be no recovery in this action which was brought and tried under the safe-place statute. And under these circumstances the jury's finding that Ramsey ought "in the exercise of ordinary care to have known of such icy condition of the stairway in time so that in the exercise of reasonable diligence he could have remedied" such icy condition before the accident occurred is not sufficient in itself to sustain such a recovery, even if the evidence can be held to admit of that finding. It follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.