## Gorel v. Comensky

*Carmen R. Capone* and *Clair D. Moss*, for plaintiff.
*Dickie, Robinson & McCamey*, for defendant.

PATTERSON, J., March 12, 1946.—Defendants own a four-family apartment building at 716 North Sheridan Avenue, Pittsburgh, Pa. Plaintiff as tenant went into the occupancy of a second-floor apartment in May 1943 and was still in possession thereof on April 2, 1945.

A porch four feet wide was along the front of the building. A flight of seven concrete steps gave access to and descent from the porch. A short space of concrete walk and two or three other steps provided means of reaching the sidewalk. From the porch various entrances for the respective tenants led to the interior.

On April 2, 1945, at 11:20 p. m., plaintiff took a pet dog out for a walk. Descending the seven steps hereinbefore mentioned, with the dog perhaps 30 feet ahead of him, as the testimony indicates, plaintiff reached the

second step from the bottom. The concrete surface of this step gave way under his weight and he sustained the injuries complained of. At trial the court entered judgment of compulsory nonsuit. Plaintiff moved to take off the nonsuit, and the motion was argued on February 5, 1946, and is before us for disposition.

In considering the motion plaintiff is to be given the benefit of every fact which the jury might reasonably find on the evidence received or erroneously excluded: Kimble v. Wilson et al., 352 Pa. 275, 277; Morrison et ux. v. Philadelphia Transportation Co., 353 Pa. 269, 270.

Two questions of law emerge from the factual circumstances: (*a*) Did the lease agreement relieve the landlord from liability under the circumstances; (*b*) if not, did the landlord have notice of the defect?

Plaintiff's lease contained the following clause:

"And it is further covenanted and agreed that Lessor and or agent shall not be liable or responsible to Lessee for any loss or damage sustained by Lessee by reason of the leaking of water or gas, or by reason of any defects in the building."

Assuming that plaintiff had been injured through the leakage of water or of gas, in such event we think there could be no question that the clause recited above would bar an action by lessee against lessor. It follows then that an action predicated on a loss or damage due to defects in the building is similarly barred.

Plaintiff's counsel earnestly argues that the clause cited concerns only property loss or damage; not personal injury. It is urged in the brief that to supply the element of personal injury in this clause violates the fundamental rule of interpretation of contracts, namely, that courts may not add to or detract from words or phrases to give them a particular meaning. Counsel intimates to do so is an exercise of judicial whim or caprice. We cannot concede the soundness

of this argument. The words "any loss or damage" could not more simply enphrase the intent of the contracting parties to cover every injurious effect that might flow from a defect in the building. Defendant seeks to buttress this reasoning with the fact that the clause hereinbefore cited is immediately followed by this clause:

"The Lessee hereby further releases the Lessor and or agent from all liability and damages for any injury to the person or property of the Lessee or to the person or property of any occupant of the premises or any employee of such lessee or occupant on account of the condition of the said demised premises."

The argument of plaintiff is that the use of the words "injury to the person or property" in the latter clause raises the inference that no such injury was contemplated in the former clause. This we deem to be a fallacious position because the former clause refers to loss or damage sustained as a result of conditions affecting the whole building, not only the premises occupied by lessee. The latter clause operates only as to the demised premises, i. e., the actual confines of the second-floor apartment occupied by lessee. It covers not only lessee but his domestic servants, if any, subtenants, and others as to whom not only does the measure of damages differ but also the rule of reasonable care under the circumstances changes. The reason for this is readily to be apprehended. Inside the demised premises the tenant has a peculiar and personal right to the exclusion even of the landlord, but as to the whole building, where there is a multiple tenancy, the landlord is, of course, chargeable with the reasonable safety of all those portions of the building that are in common use by the tenants.

There is an essential difference between the words "building" and "demised premises". Such premises are those portions of a building let to various tenants;

the building is the whole structure in which such premises are housed.

It is vigorously argued in plaintiff's behalf that the steps on which plaintiff fell are not part of the building and that, therefore the clause in the lease, referring to the building, is not operative. We have not found nor have we been referred to any case in Pennsylvania which defines the status of steps in regard to their place in the generic term "building". Sister jurisdictions have on rare occasions had the question raised. The general rule within which we consider the case at bar to come is that structures such as outside stairways or steps designed to provide access from a building to the street adjacent thereto are integral parts of such building: State v. Goldberg, 131 Me. 1, 158 Atl. 364, 365 (1932) ; Smith v. Adams, 206 Mass. 513, 92 N. E. 760 (1910) ; Pickrell v. City of Carlisle, 135 Ky. 126, 121 S. W. 1029, 24 L. R. A. (N. S.) 193.

In Smith v. Adams, supra, there was a space from three fourths to one inch wide between the top step and the building it served. This detachment was offered as evidence that the steps constituted a separate structure. The court declared that such a slight separation did not make them an independent structure. We are of opinion that steps, after being put in adjustment for the purpose of serving a certain building and essential for its completion and use, become part of such building, especially when of permanent concrete construction, as here they were, leading directly on to the porch over which access was had to all the entrances to the various apartments.

Since the injury to plaintiff was due to a defect in the steps which we have held to be a part of the building, we are perhaps not required to go into the question of negligence. A release such as we have in the instant case has been held effective: Manius et vir v. Housing Authority, 350 Pa. 512, 515. It is our opinion

further, however, that plaintiff failed to establish defendant's negligence as the cause of injury. Proving that an accident happened or the opportunity for its happening in the manner alleged is not enough. Plaintiff must go further and show the injuries sustained to be the result of such negligence: Schleback v. Boat Trades Assn., 158 Pa. Superior Ct. 362, 365; Erbe v. P. R. T. Co., 256 Pa. 567, 570; Houston v. Republican Athletic Assn. et al., 343 Pa. 218, 220.

The second step from the bottom of the flight upon which plaintiff fell was unquestionably crumbling in the middle. There was a space on each side of the defective portion of the steps variously estimated from 1½ to 2½ feet in width. These portions looked to be solid and were in constant use by the tenants. The plaintiff came down the right hand side of the steps in the manner he was accustomed to descending. He said that the steps looked safe and solid. He was proceeding carefully, according to his testimony, and placed his left foot on the second step from the bottom at a point which appeared, as he said, "real good. It was real smooth and nice and I thought sure I could step on it". There was ample evidence of notice to the landlord that the concrete was crumbling in a space of 4 or 5 feet wide in the middle of the step; but there is nothing to indicate that the landlord knew or could have known that the solid portions of the steps were in a dangerous condition. If plaintiff, who used the steps many times daily and who said the light was good, could not observe a defective condition, can we say it was the duty of the landlord to know a condition which would cause that portion of the step to collapse under the weight of plaintiff? We believe it was his duty to show such knowledge on the part of the landlord before the latter could be charged with responsibility for his injuries.

It is our opinion, therefore, that the motion to take off the nonsuit must be dismissed.