BAUHS, Appellant, vs. ST. JAMES CONGREGATION, Respondent.

*May 5—June 7, 1949.*

For the appellant there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *William H. Spohn.*

For the respondent there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Lawrence E. Hart.*

BROADFOOT, J.    The complaint alleges that plaintiff is a housewife, residing in the city of Madison; that the defendant is a Wisconsin corporation engaged in carrying out the functions of a Roman Catholic church in Madison; that on or about the 20th day of January, 1946, plaintiff was returning from attendance at a Mass in St. James church and while passing along the sidewalk in front of and appurtenant to the premises owned and possessed by the defendant, she slipped and received serious injuries; that the injuries were sustained because of the fault and negligence of the defendant in that the construction and maintenance of the sidewalk was faulty because there was molded in the concrete a cup-shaped depression designed to permit water accumulating on the premises of the defendant to drain to the gutter running along the street; that it had so arranged the downspouts and eaves of its church building that waters falling on its roof were gathered and poured onto and across a concrete approach to the church in

such a way as to lead to the depression in the sidewalk; that this was in violation of an ordinance of the city of Madison which provides that no downspouts from any building shall terminate on or upon or in such position that the contents of such spout be cast upon or flow back, upon, or over any public sidewalk in the city of Madison; and "that on and shortly prior to the said 20th day of January, 1946, rain, sleet, and snow had fallen in said city of Madison and ice had formed in the cup-like mold in the sidewalk, all of which was covered with a light fall of snow, and that this plaintiff when she slipped upon the said ice, slipped, lost her footing, and fell causing the damages above referred to."

The appellant contends that the complaint sufficiently alleges a cause of action in that it alleges a violation of the safe-place statute and also for negligence because of a defect in the sidewalk adjoining the defendant's property, and because defendant by artificial means discharged water upon the sidewalk at a time when the natural result would be to form ice, resulting in a situation dangerous to pedestrians lawfully traveling upon such sidewalk.

The liability of the defendant, if any, under the safe-place statute would be limited to its duty as the owner of a public building as defined in ch. 101, Stats. A public building is there defined as a "structure." It is clear that a sidewalk is not a structure. The duty of the owner of a public building under the provisions of that chapter to maintain it in safe condition extends only to such portions as are used or held out to be used by the public and does not extend to the highway. *Delaney v. Supreme Investment Co.* 251 Wis. 374, 29 N. W. (2d) 754, and cases there cited; *Lawver v. Joint District,* 232 Wis. 608, 288 N. W. 192.

As to the other allegation of negligence, although it is pleaded that the construction and maintenance of the sidewalk was faulty because of the cup-shaped depression molded into the sidewalk, there is no allegation that this condition or defect

was in any way the cause of the accident, nor is it alleged in the complaint that the ice upon which the plaintiff fell was formed from rain or water that drained from defendant's roof or premises. "Of course it is elementary that plaintiff's right to recover must rest upon some wrongful or negligent act by either or both of the defendants and that had the ice been merely a natural formation no legal liability would have accrued." *Johnson v. Prange-Geussenhainer Co.* 240 Wis. 363, 368, 2 N. W. (2d) 723.

It is clear that the allegations in the complaint do not state facts sufficient to constitute a cause of action. The demurrer was properly sustained. As the complaint was not amended the judgment dismissing the complaint was properly entered.

*By the Court.*—Judgment affirmed.