HANLON and another, Respondents, vs. ST. FRANCIS SEMINARY, Appellant.*

*September 8—October 6, 1953.*

\* Motion for rehearing denied, with $25 costs, on December 1, 1953.

604

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondents there was a brief and oral argument by *Arlo McKinnon* and *Robert P. Russell,* both of Milwaukee.

BROADFOOT, J. If the judgment is to be affirmed it must appear that there has been a violation of the so-called safe-place statute. Sec. 101.06, Stats., provides:

". . . Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair, or maintain such place of employment or public building, . . . as to render the same safe."

A public building is defined as "any structure used in whole or in part as a place of resort, assemblage, lodging, trade,

traffic, occupancy, or use by the public, or by three or more tenants." Sec. 101.01 (12), Stats.

The fact that plaintiff was invited to the premises and the nature of the duties which he was asked to perform are immaterial. He was not a trespasser. If the retaining wall is not a public building within the meaning of the statutes he is without remedy, regardless of his status and the nature of his duties. *Flynn v. Chippewa County,* 244 Wis. 455, 12 N. W. (2d) 683.

We do not consider it necessary to consider plaintiff's contention that the garage and the workmen's building are public buildings within the meaning of the statute. In our view of the case we need go no further than to ascertain whether the wall itself, from which the plaintiff fell, is a public building within its contemplation.

The duty of the owner to construct or maintain a building in safe condition extends only to such parts of the building as are used by the public or by three or more tenants in common. *Grossenbach v. Devonshire Realty Co.* 218 Wis. 633, 261 N. W. 742; *Flynn v. Chippewa County, supra; Delaney v. Supreme Investment Co.* 251 Wis. 374, 29 N. W. (2d) 754.

"It was the purpose of the legislature to secure the safety of buildings where the public gathered or to which persons resorted in numbers. That was the dominant purpose. To this end, and to this end only, was included within the term 'public building' any structure used by three or more tenants." *Bewley v. Kipp,* 202 Wis. 411, 414, 233 N. W. 71.

Plaintiff's contention that the wall is a part of the garage and therefore required to be made safe under the provisions of the statute is untenable. The word "building" cannot be held to include every sort of structure even though it abut upon or be attached to a building. Taken in its broadest sense, and considering the language of the statute and the

purpose of the legislature, the term can mean only a structure intended for use or used by three or more tenants or by the public as a place of resort, occupancy, etc. *Bauhs v. St. James Congregation,* 255 Wis. 108, 37 N. W. (2d) 842.

The wall is not an essential or integral part of the garage necessary to its construction. Its sole purpose is to protect the approach to the garage against obstruction which might be caused by the fall of earth from the higher level to the north. The top of the retaining wall was neither intended nor adaptable for use by the public or tenants as a passageway.

In support of his contention that the wall must be considered as an integral part of the garage, plaintiff relies upon the testimony of the county architect. He testified that without the garage there would be no need for the retaining wall and that without the wall he would not erect a garage in that location. He said further that the wall "was necessary in order to hold up the earth in that location. If the wall weren't there, the earth would gradually fall down or wash down into the driveway and be an inconvenience as long as the condition existed."

We do not read out of his testimony even an inference that the wall is an essential part of the garage itself, a structure necessary to make the garage a complete building. And, of course, we would not be bound by his testimony if it had been given that the wall, attached as it is to the building, is a public building within the meaning of the statute. His testimony, though uncontradicted, that the wall "is an integral part of the building" does not require the determination that it is a structure which, by the terms of the statute, is required to be kept safe. As we have already pointed out, the character of the use or the intended use made or to be made of the structure is the determining factor.

We do not consider the fact that the wall was frequently used by tenants as a rack upon which utensils were placed

when cars were being washed characterizes the wall as a public building used as a place of resort, assemblage, etc.

The mere fact that three or more tenants used the wall in the manner stated does not give character to it as a public building. If such conclusion were necessary, it would follow that any object used by three or more common tenants, regardless of the nature of the use or the character of the object, would subject it to the application of the statute.

Plaintiff relies upon such cases as *Zeininger v. Preble,* 173 Wis. 243, 180 N. W. 844; *Holcomb v. Szymczyk,* 186 Wis. 99, 202 N. W. 188; *Kezar v. Northern States Power Co.* 246 Wis. 19, 16 N. W. (2d) 364. In each of them there was involved a rear porch or platform and steps, all integral parts of the building and intended for use and used by three or more common tenants. These cases are distinguishable upon the facts and are not controlling here.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a judgment dismissing the complaint.

* Motion for rehearing denied, with $25 costs, on December 1, 1953.