MOORE and another, Respondents, vs. CITY OF MILWAUKEE, Appellant.*

*May 4—June 8, 1954.*

* Motion for rehearing denied, with $25 costs, on October 5, 1954.

For the appellant there was a brief by *Walter J. Mattison,*
city attorney, and *Ewald L. Moerke, Jr.,* assistant city attorney, and oral argument by *Mr. Moerke.*

For the respondents there was a brief and oral argument
by *A. L. Skolnik* of Milwaukee.

GEHL, J. The actions were tried upon the theory that
there had been a violation of the safe-place statute, sec.
101.06, Stats., which provides that,

". . . Every . . . owner of a . . . public building now
or hereafter constructed shall so construct, repair, or maintain such . . . public building, . . . as to render the same
safe."

Two contentions are made by the city, (1) that the platform may not be considered a part of the public building,
and (2) that the city is not a proper party defendant.

Sec. 101.01 (12), Stats., defines a public building as "any
structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public,
or by three or more tenants." We have held consistently
that a sidewalk area leading to a public building, although
used by the public for access to and from the building, is not
a structure within the meaning of the statute. *Lawver v.
Joint District,* 232 Wis. 608, 288 N. W. 192; *Bauhs v. St.
James Congregation,* 255 Wis. 108, 37 N. W. (2d) 842;
*Baldwin v. St. Peter's Congregation,* 264 Wis. 626, 60
N. W. (2d) 349; *Mistele v. Board of Education,* ante, p. 28,
64 N. W. (2d) 428.

Plaintiffs' Exhibit No. 1

Plaintiffs' Exhibit 1, which accompanies this opinion, is a photograph showing the west exit from the booth and the platform in question. It will be observed that the platform

was really no more than a pathway from the public sidewalk to the door, and that although at its south end it was at an elevation slightly higher than the sidewalk (the testimony indicates that the difference was two or three inches) it was in reality only an extension of the public sidewalk providing access to the sidewalk from the booth. It was employed by those leaving the booth just as is a sidewalk of permanent construction designed to provide convenient access from any building to a public sidewalk. A sidewalk does not necessarily consist of a walk made of concrete; it may be any place set apart at the side of a public walk for the use of pedestrians.

It is sought to distinguish the instant case from those cited by denominating the platform as a step instead of a sidewalk, and suggested that we hold that a step or steps immediately adjacent to but outside the building line is a part of a public building. The platform was flush with the threshhold of the door of the booth. It was not necessary to descend to reach it, nor was it necessary to step down until the public sidewalk was reached, and then only a matter of two or three inches.

Assume, however, without conceding, that it might be considered that the platform was a step instead of a sidewalk. The duty of the owner under the statute is to construct and maintain a public *building* as to render the same safe. Certainly the platform was a structure, but so were the flagstaff and the sidewalks involved in the cases which we have cited, and in each of which recovery was denied. They were not, nor was the platform in the instant case, a building or a part of one; they were not structures within the meaning of the statute.

Plaintiffs rely upon *Zeininger v. Preble*, 173 Wis. 243, 180 N. W. 844; *Holcomb v. Szymczyk*, 186 Wis. 99, 202 N. W. 188; and *Kezar v. Northern States Power Co.* 246 Wis. 19, 16 N. W. (2d) 364. We said in *Hanlon v. St. Francis Sem-*

*inary,* 264 Wis. 603, 608, 60 N. W. (2d) 381, with specific reference to those cases:

"In each of them there was involved a rear porch or platform and steps, all integral parts of the building and intended for use and used by three or more common tenants. These cases are distinguishable upon the facts and are not controlling here."

Certainly it cannot be said that the platform here involved, unattached to the booth, was an *integral* part of the building.

We find no authority in the statutes or in the precedents for requiring or permitting us to hold that a step or steps, immediately adjacent to but outside the building, is a part of a building. To so hold would be an arbitrary determination, judicial legislation. The statutes do not impose upon the owner any duty to maintain the premises adjacent to his building so as to render the same safe.

"While it was held in *Sadowski v. Thomas Furnace Co.* (1914), 157 Wis. 443, 146 N. W. 770, that the legislative language, where open to construction, should be read liberally in favor of the purpose of the statute, this court has on numerous occasions held that the safe-place statutes are not to be extended so as to impose any duty beyond that imposed by the common law unless such statute clearly and beyond any reasonable doubt expresses such purpose by language that is clear, unambiguous, and peremptory." *Delaney v. Supreme Investment Co.* 251 Wis. 374, 380, 29 N. W. (2d) 754.

It might be considered desirable to extend the duty of the owner of a public building so as to require him to maintain and render safe the area surrounding his building. We consider ourselves bound, however, by the plain language of the statute and by what we have held, and if there is to be an extension or broadening of the responsibility that is a matter for the legislature.

Having determined that no violation of the safe-place statute was established, there is no occasion for considering the city's second contention.

*By the Court.*—Judgments reversed, with directions to dismiss the complaint.

STEINLE, J. (*dissenting*). I find that I am compelled to respectfully dissent from the majority opinion.

The 30-x-30-inch wooden platform was elevated at the points where it met the public sidewalk and curb. The floor of the polling booth at the exit door was above the ground and the platform was erected to the height of the floor and up against the booth. For ordinary practical use it would seem that if the platform was not so erected some other type of elevated foot rest would have to be provided for ingress and egress.

The majority opinion holds that this platform is not a step but even if it were a step, it was not an integral part of the polling-booth building.

It seems clear to me that a platform used as here performs the function of a step, and that the step or steps of a building constitute an integral part thereof even though the same may not be physically attached to the building. When the polling booth was not required for polling purposes, it and the platform were always stored together by the city, and when again placed in use the platform was always again installed with the building to perform the function of a step for people entering or leaving the polling booth.

The Massachusetts court in the decisions of *Commonwealth v. Blaisdell* (1871), 107 Mass. 234, and *Smith v. Adams* (1910), 206 Mass. 513, 92 N. E. 760, has held that the steps of a building constitute an integral part thereof. Following is a quotation from the opinion in the latter case on this point (p. 515):

"We are of opinion that steps of a dwelling house or other building, after having been put in adjustment and located as these were and which are essential for its completion and convenient use, become a part of it, even where they can be removed without detaching them from the principal edifice."

The photograph in evidence shows that the polling-booth building rests upon blocks placed in the street. It appears that the blocks formed the building's foundation. The record does not indicate whether the blocks were fastened to the building. Assuming that they were not physically attached, it would nevertheless seem, that forming the actual foundation, they would be an integral part of the building. Without their presence the building could not stand properly. Without the presence of the platform serving as a step, movement in and out of the building would be difficult, and considering its use, the platform, like the blocks, although not fastened, must be deemed an integral part of the building.

As pointed out in the majority opinion, this court has repeatedly held that a private sidewalk adjacent to a public building does not constitute a part thereof, but there would seem to be a clear distinction between steps leading into a building and a sidewalk, inasmuch as steps are usually considered part of a building while sidewalks are not.

The majority opinion states: "We find no authority in the statutes or in the precedents for requiring or permitting us to hold that a step or steps, immediately adjacent to but outside the building, is a part of a building." Apparently such quoted statement is based upon the theory that anything outside of the exterior building line proper cannot constitute part of the building within the meaning of the safe-place statute. Followed to its logical conclusion this would exclude a porch as well as exterior steps, both of which are commonly considered to be part of the building proper. There is no logical justification for drawing such a line and I believe it

to be much more consistent with the legislative purpose underlying the enactment of the safe-place statute to hold that any exterior part of a building, such as a porch, exterior platform, or steps, used as a means of ingress or egress constitutes part of the building for the purposes of the statute.

The judgments of the trial court should be affirmed.

I am authorized to say that Mr. Justice CURRIE joins in this dissent.