HEMMINGWAY, Appellant, vs. CITY OF JANESVILLE, Respondent.

*February 7—March 5, 1957.*

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* all of Janesville.

For the respondent there was a brief by *Dougherty, Ryan & Campbell* of Janesville, and oral argument by *Glen R. Campbell* and *William H. Dougherty.*

BROWN, J.   After parking his automobile the plaintiff went on foot up the ramp to the upper level and then fell off the edge of that to the level of the roadway. He contends in so constructing and maintaining these premises the city has violated the safe-place statute and that he is within the protection afforded the public by that statute. The applicable statutory provisions are:

Sec. 101.01 "(11) The term 'safe' or 'safety' as applied to an employment or a place of employment or a public building, shall mean such freedom from danger to the life, health, safety, or welfare of employees or frequenters, or the public, or tenants, or firemen, and such reasonable means of notification, egress, and escape in case of fire, and such freedom from danger to adjacent buildings or other property, as the nature of the employment, place of employment, or public building, will reasonably permit.

"(12) The term 'public building' as used in sections 101.01 to 101.29 shall mean and include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

"101.06 EMPLOYER'S DUTY TO FURNISH SAFE EMPLOYMENT AND PLACE. Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the

life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair, or maintain such place of employment or public building, and every architect shall so prepare the plans for the construction of such place of employment or public building, as to render the same safe."

Appellant does not contend that the area where he was hurt is a place of employment but rests his argument upon the proposition that such area is a public building within the definition given by sec. 101.01 (12), Stats., *supra*. There is little for us to say except that our prior decisions in appeals presenting analogous facts bring us now to a contrary conclusion.

In *Hanlon v. St. Francis Seminary* (1953), 264 Wis. 603, 60 N. W. (2d) 381, a deputy sheriff patrolling defendant's grounds fell over the edge of a retaining wall and landed in a driveway several feet below. The wall was attached to a garage and was intended to keep dirt from the adjoining higher ground from washing into the driveway. While the wall was clearly a structure we said that the character of the use or intended use made or to be made of the structure is the determining factor. The wall was not a structure used or intended to be used by three or more tenants or by the public as a place of resort, occupancy, etc., and we held that it was not a public building.

In the instant case neither the retaining wall nor the ramp was intended for public use or so used. The ramp led only to the boiler room and the coal bunkers, both of which were closed to the public. "The duty of the owner of a public building under the provisions of that chapter [the safeplace chapter] to maintain it in safe condition extends only to such portions as are used or held out to be used by the public. . . ." *Bauhs v. St. James Congregation* (1949), 255 Wis. 108, 110, 37 N. W. (2d) 842.

Although the physical facts concerning the ramp belie a contention that the ramp was actually used or held out for use by the public as a sidewalk or thoroughfare, which is what appellant was using it for, an acceptance by the court of that use would merely bring before the court the numerous cases in which it has been held that sidewalks and structural approaches to public buildings which lie outside the lines of such buildings are not structures constituting them public buildings within the terms and intent of the safe-place statute. See *Meyers v. St. Bernard's Congregation* (1954), 268 Wis. 285, 67 N. W. (2d) 302; *Moore v. Milwaukee* (1954), 267 Wis. 166, 65 N. W. (2d) 3. In *Lawver v. Joint District* (1939), 232 Wis. 608, 612, 288 N. W. 192, we stated: "Clearly, the school grounds and the sidewalk area cannot be considered a public building by any stretch of the imagination."

We conclude that no duty of the defendant to the plaintiff imposed by the safe-place statute was breached by the construction or maintenance of the ramp and elevated level. We acknowledge the help we have had from the briefs of the parties and particularly from the comprehensive study of the subject contained in the memorandum decision by the learned trial judge.

*By the Court.*—Judgment affirmed.