Wilson, Appellant, vs. Evangelical Lutheran Church of the Reformation of Milwaukee, Wisconsin, Respondent.

*April 2—June 23, 1930.*

For the appellant there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *Charles B. Perry*.

*Emmet Horan, Jr.* of Milwaukee, for the respondent.

The following opinion was filed April 29, 1930:

ROSENBERRY, C. J. Upon the appeal the matter is argued here by the plaintiff on the theory that the complaint states a cause of action if it does not fall within the doctrine of *Morrison v. Henke,* 165 Wis. 166, 160 N. W. 173, or *Bachman v. Young Women's Christian Asso.* 179 Wis. 178, 191 N. W. 751, relating to the liability of charitable corporations for negligence of servants.

No reference is made by either party to the so-called safe-place statute (ch. 101). By that act the term *public building* means "any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants." Sec. 101.01 (12).

The term *owner* means and includes "every person, firm, corporation, state, county, town, city, village, manager, representative, officer, or other person having ownership, control or custody of any place of employment or public building," etc. Sec. 101.01 (13).

Sec. 101.06 provides: ". . . Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building . . . as to render the same safe."

If the complaint in this case states a cause of action it is because the defendant failed to maintain a public building so as to render the same safe. The principle upon which charitable corporations were held not to be liable for acts of their servants involved considerations of public policy. It is peculiarly within the province of the legislature to determine questions of public policy. The chapter referred to makes no exceptions of religious or charitable corporations and there appears to us to be no reason why it does not apply to a place of worship maintained by a religious corporation. More appropriate language to express that intention could scarcely be employed.

The sole defect in the premises here was the failure to maintain a properly lighted passageway. It is not alleged that the floor of the passageway was structurally unsafe. Steps are necessary in all buildings except those having one floor upon a single level. The presence of steps may be very dangerous to frequenters of public places if they are in any way concealed from view.

In *Kelenic v. Berndt,* 185 Wis. 240, 201 N. W. 250, it was held that the failure of a landlord to comply with an order of the industrial commission respecting the maintenance of lights made him liable for injuries sustained by a tenant proximately resulting from the landlord's failure to comply with the order.

We are cited to no order of the industrial commission requiring a passageway such as the one described in the complaint to be lighted. The question presented therefore by the allegations of the complaint, giving them the most favorable construction, is one for the jury as to whether or not the premises were so constructed and maintained as to be reasonably safe.

It is considered that there is nothing in *Holcomb v. Szymczyk,* 186 Wis. 99, 202 N. W. 188, to the contrary. There the court had under consideration whether or not the failure of a landlord to remove from a landing temporary accumulations of snow and ice was a violation of the statute. The court held that it was not. It said:

"It is considered that a building is safe, within the meaning of the statute, which is composed of proper materials and is structurally safe, and that the statute does not apply to temporary conditions having no relation to the structure of the building or the materials of which it is composed."

While the language used in *Holcomb v. Szymczyk, supra,* read apart from the facts in that case and given a broad interpretation, might indicate that the failure to turn on a light would not be within the statute, it is manifest that ice and snow and a light are governed by entirely different considerations. A light is installed for purposes of safety and convenience when a place is dark. It is turned off to enable the owner to save expense when its maintenance is unnecessary. The failure to turn it on when the place is dark and the premises are in use may constitute a failure to maintain the premises in a safe condition, depending upon the circumstances.

It is considered, therefore, that the situation so far as it is disclosed by the complaint is within the statute. It is held that the complaint states a cause of action.

It is urged on behalf of the defendant that the plaintiff, by attempting to proceed along this passageway knowing it to be unlighted, was guilty of contributory negligence as a matter of law. The allegations of fact contained in the pleading in this regard are very meager and we are bound to construe them most favorably to the pleader. Doing so we are unable to say that the plaintiff was guilty of contributory negligence. Contributory negligence is ordinarily a matter of defense. When it appears affirmatively, however, by the plaintiff's complaint or upon the trial by the plaintiff's proofs, a question of law may be presented although the defendant has not answered or been heard in his defense upon the trial, as the case may be.

It is also urged on behalf of the defendant that the plaintiff was a mere licensee and the defendant should not be held liable for that reason. However, sec. 101.01 defines a frequenter as one who has a right to be in or about the place in question under circumstances which do not render him a trespasser. The word *safe* is defined as "such freedom from danger to the life, health, safety or welfare of employees or frequenters, or the public," etc. Certainly the plaintiff was either a frequenter or one of the public and as such within the protection of the statute.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.

FAIRCHILD, J., took no part.

A motion for a rehearing was denied, with $25 costs in one case, on June 23, 1930.