JAEGER, Appellant, vs. EVANGELICAL LUTHERAN HOLY GHOST CONGREGATION, Respondent.

*September 11—October 8, 1935.*

For the appellant there was a brief by *Rouiller, Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

WICKHEM, J.  It is conceded by plaintiff that there is no liability based upon negligence, since defendant is a religious corporation. *Bachman v. Young Women's Christian Asso.* 179 Wis. 178, 191 N. W. 751.  The sole question is whether the facts alleged bring plaintiff within the provisions of sec. 101.06, Stats., the so-called safe-place statute.  This section provides :

"Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and

for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, and every architect shall so prepare the plans for the construction of such place of employment or public building, as to render the same safe."

It is contended by plaintiff, and well established by the authorities, that the safe-place statute applies to corporations organized for religious and charitable purposes. *Wilson v. Evangelical Lutheran Church,* 202 Wis. 111, 230 N. W. 708; *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290. It is plaintiff's position that sec. 101.06 required defendant to so maintain its building as to render the same safe; that the word "maintain" includes everything not comprehended within the words "construct" or "repair," and that it imposes not only an obligation to maintain the structure in its original integrity, but to maintain every object within the building in such a manner as to render the place safe. *Juul v. School District,* 168 Wis. 111, 169 N. W. 309, and *Holcomb v. Szymczyk,* 186 Wis. 99, 202 N. W. 188, both of which are contrary to plaintiff's position, are claimed to represent an earlier position of the court which has since been abandoned. In both of these cases the obligation of the owner of a building was distinguished from that of an employer, and the word "maintain" held not to apply to temporary conditions having no relation to the structure of the building or the materials of which it is composed. These cases have been cited with approval as late as *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290, and have not been abandoned by this court. There is a plain distinction between the obligation of an employer and the ob-

ligation of the owner of a building. The employer's duty to furnish safe employment includes the furnishing of a safe place of employment, and the employer has a broad duty not only with respect to the structure, which constitutes the place of employment, but with reference to the devices and other property installed or placed in such place. The employer's duty is carefully and specifically set forth in the first half of the section. The last portion of the section defines the duty of employers and owners with respect to the structure of the building. The duty in this respect is to construct, repair, and maintain such place of employment or such building in such a manner as to render the same safe. The obligation of the owner as such plainly relates to the building and not to temporary conditions which may negligently be permitted to exist within the building. Plaintiff relies upon *Wilson v. Evangelical Lutheran Church, supra,* and *Kinney v. Luebkeman,* 214 Wis. 1, 252 N. W. 282. These cases involved unlighted stairways. It was there contended that a building which provides for lighting equipment is structurally safe, although the light over a dark stairway is not burning. The court held that since provisions for artificial light are structural in character, a failure to have the light burning is a defect in maintenance. When floors have been permitted to become oily, greasy, and slippery, it is held that this constitutes a failure to maintain the structure in its original integrity. *Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595. The permitting of temporary conditions wholly dissociated from the structure does not constitute a violation of the safe-place statute by the owner of a building, although it may, and undoubtedly does, constitute a violation if permitted by an employer.

It is considered: (1) That this is a public building; (2) that the duty imposed upon its owner by the safe-place statute relates to the construction of the building and the maintenance of its structural integrity; (3) that the defect alleged

had nothing to do with the structure, either upon the side of construction or maintenance; and (4) that there being no liability for negligence, so far as the defendant religious corporation is concerned, the complaint states no cause of action whatever, and the order was properly entered sustaining the demurrer.

*By the Court.*—Order affirmed.