PERRY and another, Respondents, vs. LABOR TEMPLE
ASSOCIATION, Appellant.

*April 1—May 5, 1953.*

For the appellant there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford*.

For the respondents there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

BROADFOOT, J.    The stockholders of the defendant corporation are labor unions located in Eau Claire.    In 1914 the defendant purchased a two-story building located at 306 East Madison street in said city.    The main entrance to the building was on the south side thereof, facing Madison street.    The entrance was recessed into the front of the building.    The platform within the entrance consisted of a metal plate located six inches above the sidewalk on the easterly side and seven inches above the sidewalk on the westerly side, because of a slope in the sidewalk.    There was a light fixture above the entrance which contained an electric light.    In 1937 the defendant remodeled the building and constructed an addition on the north side thereof.    Thereafter the south side of the ground floor was used as offices by various unions and in the north part there was a bar and recreation room.    The second floor consisted of meeting rooms and kitchen facilities.    A main entrance was constructed on the west side of the building which was reached by way of a paved court.    A neon sign bearing the words "Labor Temple" was erected above and to the right of the Madison street entrance. The bottom of this sign was 13 feet above the sidewalk.    At the southwest corner of the building there was erected a beer sign with an arrow pointing to the entrance on the west side of the building.    The bottom of this sign was about 10 feet above the sidewalk.    Thereafter the Madison street entrance was used for access to the union offices during daylight hours,

and no light bulb was kept in the fixture above the entrance-way. The door, generally locked at night, was left open when there were special meetings and large crowds in the building. The manager of the building testified they had to do that in case of fire.

On November 10, 1951, the drivers' union held its annual election meeting at the Labor Temple. The meeting was held in the largest meeting room on the second floor. Lunch was served and several hundred people attended the meeting during the afternoon and evening. Mr. Perry, a member of the union, accompanied by his wife, went to the meeting at about 7:30 p. m. About an hour later they left the meeting. Upon reaching the main floor they went down a hallway past the union offices to the Madison street entrance. No basement lights were on but the other lights in the building were lighted, as were both of the neon signs. There was a 100-watt bulb burning in the hallway. This was suspended from the ceiling, was about eight or nine feet above the floor, and was located about nine feet north of the door leading to the metal step above the sidewalk. Mr. Perry opened a screen door on the inside and Mrs. Perry opened the outer door and stepped out upon the metal step. She had not been in the building for four or five years and did not know or remember that there was a step down to the sidewalk. She claimed that the entrance was dark; the color of the metal plate blended with that of the sidewalk because of the darkness, and when she stepped down her ankle turned and she was injured.

Failure to light a part of a building subject to the safe-place statute has been held to be a failure to maintain the building in a safe condition and therefore a violation of such statute regarding maintenance. *Heiden v. Milwaukee,* 226 Wis. 92, 275 N. W. 922; *Wilson v. Evangelical Lutheran Church,* 202 Wis. 111, 230 N. W. 708; *Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595; *Helms v. Fox Badger Theatres Corp.* 253 Wis. 113, 33 N. W. (2d) 210.

The defendant contends that the safe-place statute does not impose a duty to maintain lights on the exterior of a public building. That may be true, but it is not the question at issue in this case. The recessed entranceway was within the building lines and was a part of the building. The question to be determined was whether that entranceway was as safe as the nature thereof would reasonably permit in respect to being lighted. Whether the lights were on the exterior or the interior, or were louver lights at or near the step, would be immaterial so long as they provided sufficient light. This was a question of fact to be determined by the jury. If there is credible evidence to sustain the findings of the jury, they cannot be disturbed.

The manager of the defendant's building testified that before 1937 the defendant maintained a light above the entrance so that people could see where they were walking at night. That was because it was the main entrance. When the main entrance was moved to the west side of the building that light was discontinued but two lights were installed at the main entrance. The secretary of the defendant testified that the neon sign bearing the words "Labor Temple" illuminated the sidewalk to some extent but would not say how much. Mr. and Mrs. Perry both testified that the entrance was dark.

The defendant cross-examined Mrs. Perry at great length and as a result she made some inconsistent statements. Its defense rested upon this cross-examination and some photographs taken by a commercial photographer sometime later. They were taken at night, but not with flash bulbs. Some of the pictures were taken from across the street to show the amount of illumination there was in front of the building. The lens was left open for thirty seconds. The photographer testified that this resulted in some overexposure so far as the lighted area shown on the photographs was concerned. The plaintiffs, too, introduced photographs taken at night, and the jury had all of these pictures. Some showed the

entranceway to be darker than others. The jury could draw its own inferences from the photographs or it could take the testimony of the manager that when the entrance was the main entrance they deemed it necessary to maintain a light above it so people could see where they were walking at night, and that they deemed it necessary to illuminate the main entrance with two lights. That testimony would support the verdict.

The plaintiffs also filed a motion for review, contending that the jury was not warranted in finding contributory negligence on the part of the plaintiff Lillian Perry. Contributory negligence is a defense in actions of this kind and that question, too, was one for the jury. The record discloses ample credible evidence to sustain that finding.

*By the Court.*—Judgment affirmed.