BALDWIN and another, Appellants, vs. ST. PETER'S CONGREGATION, Respondent.

*September 9—October 6, 1953.*

For the appellants there was a brief by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

For the respondent there was a brief by *Fisher, Reinholdt & Peickert,* attorneys, and *Hiram D. Anderson, Jr.,* of counsel, all of Stevens Point, and oral argument by *Mr. Anderson.*

FAIRCHILD, J.    The respondent is the owner of the premises where appellant, Valerie Baldwin, was injured. She fell on the flat, concrete approach extending from the entrance doors of respondent's parochial school to the public sidewalk in front of the building. The liability to appellants on the part of the respondent is controlled not only by certain limitations upon liability of a charitable corporation but also by the statute concerning the liability of an owner of a public building as distinguished from an owner of a place of employment.

The difference between obligations arising out of the relation of employer and employee and frequenters of the employer's place of employment as declared in the statutes and the obligations of the owner of a public building is plain and has long been recognized by the law in this state. The law is that the employer's duty to furnish safe employment includes the furnishing of a safe place of employment. The employer has a broad duty not only with respect to the structure which constitutes the place of employment but with reference to the devices and other property installed or placed in such place. *Jaeger v. Evangelical Lutheran Holy Ghost Congregation,* 219 Wis. 209, 262 N. W. 585. However, sec. 101.06 of the statutes, defining the obligation with re-

spect to the duty of an owner of a public building, provides that the owner of a public building shall so construct, repair, or maintain such public building as to render the same safe, and the obligation of the owner, as we said in *Jaeger v. Evangelical Lutheran Holy Ghost Congregation, supra* (p. 212), "plainly relates to the building and not to temporary conditions which may negligently be permitted to exist within the building." *Juul v. School District,* 168 Wis. 111, 169 N. W. 309; *Holcomb v. Szymczyk,* 186 Wis. 99, 202 N. W. 188; *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290.

The place where the injured appellant fell was located on the respondent's property between the public sidewalk and the entrance doors to the school. The area is covered with flat concrete. It may have the character of a sidewalk, for it serves that purpose and no other. The question of whether or not it rises to the dignity of a structure within the meaning of the safe-place statute must be answered in the negative under the authority of the statute and decisions in relation thereto. In *Bauhs v. St. James Congregation,* 255 Wis. 108, 110, 37 N. W. (2d) 842, where a person fell on a walk in front of the church, we said: "The liability of the defendant, if any, under the safe-place statute would be limited to its duty as the owner of a public building as defined in ch. 101, Stats. A public building is there defined as a 'structure.' It is clear that a sidewalk is not a structure." As we have pointed out, the duty under the statute with respect to the place of employment is very broad and is not merely concerned with the question of whether or not the place of employment is a structure, while the duty placed by statute on the owner of a public building is much narrower. The duty of the latter is to maintain the structure, and this relates to the structure and not to a temporary condition which is not a part thereof. When a question of this nature has been raised and considered by this court, the conclusion reached has been "that a building is safe, within the meaning

of the statute, which is composed of proper materials and is structurally safe, and that the statute does not apply to temporary conditions having no relation to the structure of the building or the materials of which it is composed." *Holcomb v. Szymczyk, supra* (p. 104). See also *Kuhlman v. Vandercook,* 241 Wis. 418, 6 N. W. (2d) 235.

As to the liability of a charitable organization to respond in damages under circumstances such as are now before us, it appears that the respondent is a religious organization which owns, operates, and maintains a school, gymnasium, and auditorium, and that the injuries sustained by the appellant Valerie Baldwin were caused by the negligence of the owner in that it had permitted the accumulation of ice and snow upon the sidewalk leading from the building. There is no dispute as to the character of the owner, nor is there any evidence on which to base a finding that the gymnasium, or auditorium, is or ever was used for profit.

It must be ruled that under the evidence presented and referred to, respondent is a charitable institution, that no member derives any pecuniary profit from its operation, and therefore, because of the immunity provided by law, respondent is not liable for the negligence of its agents in the operation thereof. This particular issue was discussed below but not determined, because the trial court held there was no liability on other grounds. However, the appellants raise the question and urge that it was error to hold that respondent was not liable because it was a charitable organization. Their brief concludes with the following:

"It is also submitted that under the better rule of law, which has not as yet been adopted by Wisconsin, the defendant would be liable under the facts as alleged and set forth in the complaint; that the action of the trial court should be reversed. . . ."

This is not the first time the soundness of the policy of immunity to charitable organizations from certain liabilities

in this state has been questioned. In the case of *Bachman v. Young Women's Christian Asso.* 179 Wis. 178, 191 N. W. 751, it was ruled that the doctrine of the immunity of a charitable institution from liability for the negligent acts of its servants, under the principle of *respondeat superior,* was applicable. There was a dissenting opinion which treated extensively with the theory under which exemption from such liabilities obtained, and a considerable discussion of the different principles underlying the different theories is there contained. Similar treatises may be found in other cases cited by appellant.

The *Bachman* decision was handed down in December, 1922. Since then the question has been approached in one way and another, but the conclusion has always been that the legislature of this state, in the exercise of its constitutional powers, altered the rule of charitable immunity, but to a limited extent only, when a charitable institution owning a public building was required to construct, repair, and maintain such public building so as to render the same safe. In pointing to the alteration of the rule in this respect, in the decision of *Wilson v. Evangelical Lutheran Church,* 202 Wis. 111, 230 N. W. 708, we held that any changes to be made in the doctrine of charitable immunity for tort were to be made by the legislature alone, and not by the court. Mr. Chief Justice ROSENBERRY, in the *Wilson Case,* at page 113, said: "The principle upon which charitable corporations were held not to be liable for acts of their servants involved considerations of public policy. It is peculiarly within the province of the legislature to determine questions of public policy." See 10 Am. Jur., Charities, p. 688, sec. 141, where cases are cited to the effect that the argument should be addressed to the legislative branch of government, for the court has no power to create the exemption or declare an immunity.

632

: As to the question of costs raised by the appellants, the respondent was the prevailing party and was the defendant in a personal-injury action in which separate causes of action in favor of two plaintiffs were alleged, and under the rule that the prevailing party is entitled to full costs in summary judgment as well as in other cases, it is considered that the respondent is entitled to costs against each of the plaintiffs. *Gospodar v. Milwaukee Automobile Ins. Co.* 249 Wis. 332, 24 N. W. (2d) 676, 25 N. W. (2d) 257.

There being no liability on the part of the defendant because of failure in its duty under the statute regulating liability as the owner of a public building and because it is a charitable institution, immune from liability of common-law negligence of its servants, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.