MISTELE, Appellant, vs. BOARD OF EDUCATION OF THE CITY OF BARABOO and another, Respondents. [Two cases.]

*April 8—May 4, 1954.*

For the appellant there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondents there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross* and *Harold M. Langer.*

GEHL, J. The pertinent statute, sec. 101.06, provides:

". . . Every . . . owner of a . . . public building now or hereafter constructed shall so construct, repair, or maintain such . . . public building . . . as to render the same safe."

It appears from the complaints, affidavits, and testimony taken upon the hearing that on November 29, 1950, plaintiff was injured while, as a frequenter, he was leaving a school building in the city of Baraboo. There is some dispute as to the precise position of plaintiff as he fell when he descended or had descended two steps which lead from the door of the building to a private sidewalk which leads to the street sidewalk. There is no dispute that it was a defect in the private sidewalk which caused his fall. The defect consisted of a separation and a difference in elevation between two slabs of the concrete walk immediately adjacent to the lower of the two steps leading from the door.

It has been held by this court that a sidewalk area outside the building cannot be considered a part of the building. *Lawver v. Joint District,* 232 Wis. 608, 288 N. W. 192; that a sidewalk is not a structure within the meaning of the statute, *Bauhs v. St. James Congregation,* 255 Wis. 108, 37 N. W. (2d) 842; *Baldwin v. St. Peter's Congregation,* 264 Wis. 626, 60 N. W. (2d) 349.

Our most recent expression upon the subject is contained in *Baldwin v. St. Peter's Congregation, supra.* In that case it appeared that plaintiff fell on a flat concrete approach extending from the entrance door of a parochial school to the

public sidewalk in front of the building. The court, in affirming a judgment dismissing the complaint, said (p. 629):

"The place where the injured appellant fell was located on the respondent's property between the public sidewalk and the entrance doors to the school. The area is covered with flat concrete. It may have the character of a sidewalk, for it serves that purpose and no other. The question of whether or not it rises to the dignity of a structure within the meaning of the safe-place statute must be answered in the negative under the authority of the statute and decisions in relation thereto. In *Bauhs v. St. James Congregation,* 255 Wis. 108, 110, 37 N. W. (2d) 842, where a person fell on a walk in front of the church, we said: 'The liability of the defendant, if any, under the safe-place statute would be limited to its duty as the owner of a public building as defined in ch. 101, Stats. A public building is there defined as a "structure." It is clear that a sidewalk is not a structure.' As we have pointed out, the duty under the statute with respect to the place of employment is very broad and is not merely concerned with the question of whether or not the place of employment is a structure, while the duty placed by statute on the owner of a public building is much narrower. The duty of the latter is to maintain the structure, and this relates to the structure and not to a temporary condition which it not a part thereof. When a question of this nature has been raised and considered by this court, the conclusion reached has been 'that a building is safe, within the meaning of the statute, which is composed of proper materials and is structurally safe, and that the statute does not apply to temporary conditions having no relation to the structure of the building or the materials of which it is composed.'"

It is true that the court referred to the fact that the defect in the sidewalk was a temporary condition caused by the accumulation of ice and snow thereon. Considered in the light of prior decisions it appears quite clearly, however, that the conclusion was not based upon the fact that plaintiff's fall resulted from a defect existing only temporarily, but that the result was reached by application of the established rule

that a sidewalk is not a part of a building and that it is not a structure within the meaning of the statute.

Plaintiff contends that violation of certain orders of the industrial commission has been established. We have under some circumstances considered such orders, as for instance in *Wannmacher v. Baldauf Corp.* 262 Wis. 523, 55 N. W. (2d) 895, 57 N. W. (2d) 745. We have not, however, conceded to the commission the authority to substitute its definition of an object for that adopted by the legislature and the court. As we have pointed out, the terms "public building" and "structure" have had legislative and judicial interpretation. Until the legislature sees fit to extend the meaning of the terms we must abide by what, after repeated consideration, we have declared.

Our conclusion upon the issue considered renders it unnecessary to deal with other issues raised in the briefs.

*By the Court.*—Judgments affirmed.