MEYERS, Administratrix and another, Appellants, vs. ST. BERNARD'S CONGREGATION, Respondent.

*November 11—December 7, 1954.*

For the appellants there was a brief by *Clifford & Fitz-patrick,* attorneys, and *William B. Clifford* and *James A. Fitzpatrick* of counsel, all of Watertown, and oral argument by *James A. Fitzpatrick.*

For the respondent there was a brief by *Dakin & Dierker* of Watertown, and oral argument by *Roland F. Dierker.*

BROADFOOT, J.   The plaintiffs first contend that they are entitled to recover damages because the injuries sustained by Mrs. Garity were the result of a violation of the safe-place statute as contained in ch. 101, Stats.  They contend that the stairs and the concourse are an integral part of the church, particularly because of the elevation of the church above the sidewalk level.  In the alternative they contend that the concourse and steps are a separate structure within the meaning of the safe-place statute.  They cite sec. 101.01 (12), Stats., wherein the term "public building" is defined to "include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public. . . ."

The violations of the safe-place statute alleged are the failure to provide a sufficient and adequate light, the failure to provide the lower platform with drains to carry off the water formed by the melting snow, and the failure to remove or sand the ice upon the steps.

This court has held that a sidewalk area outside the building cannot be considered a part of the building. *Lawver v.*

*Joint District,* 232 Wis. 608, 288 N. W. 192, and that a sidewalk is not a structure within the meaning of the statute. *Baldwin v. St. Peter's Congregation,* 264 Wis. 626, 60 N. W. (2d) 349; *Mistele v. Board of Education,* 267 Wis. 28, 64 N. W. (2d) 428. In the *Baldwin Case, supra,* this court said (p. 629):

"The place where the injured appellant fell was located on the respondent's property between the public sidewalk and the entrance doors to the school. The area is covered with flat concrete. It may have the character of a sidewalk, for it serves that purpose and no other. The question of whether or not it rises to the dignity of a structure within the meaning of the safe-place statute must be answered in the negative under the authority of the statute and decisions in relation thereto. In *Bauhs v. St. James Congregation,* 255 Wis. 108, 110, 37 N. W. (2d) 842, where a person fell on a walk in front of the church, we said: 'The liability of the defendant, if any, under the safe-place statute would be limited to its duty as the owner of a public building as defined in ch. 101, Stats. A public building is there defined as a "structure." It is clear that a sidewalk is not a structure.' As we have pointed out, the duty under the statute with respect to the place of employment is very broad and is not merely concerned with the question of whether or not the place of employment is a structure, while the duty placed by statute on the owner of a public building is much narrower. The duty of the latter is to maintain the structure, and this relates to the structure and not to a temporary condition which is not a part thereof. When a question of this nature has been raised and considered by this court, the conclusion reached has been 'that a building is safe, within the meaning of the statute, which is composed of proper materials and is structurally safe, and that the statute does not apply to temporary conditions having no relation to the structure of the building or the materials of which it is composed.' "

The language above was quoted in the *Mistele Case, supra,* and was followed by this comment (p. 30):

"It is true that the court referred to the fact that the defect in the sidewalk was a temporary condition caused by the accumulation of ice and snow thereon. Considered in the light of prior decisions it appears quite clearly, however, that the conclusion was not based upon the fact that plaintiff's fall resulted from a defect existing only temporarily, but that the result was reached by application of the established rule that a sidewalk is not a part of a building and that it is not a structure within the meaning of the statute."

The language from the *Baldwin Case, supra,* quoted above is particularly applicable in the present case because the icy condition upon the steps was a temporary condition. So far as the record shows, it was caused by the freezing of water caused by a thaw only a short time before the accident.

In their argument that the stairs and concourse were in and of themselves a separate structure, the plaintiffs rely upon the case of *Feirn v. Shorewood Hills,* 253 Wis. 418, 34 N. W. (2d) 107. They contend that the steps were used as a means of travel by those going to and from the church, and that the steps and concourse were a place of assemblage where members of the parish assembled before and after church services, and, therefore, it is included in the definition of a public building by the words "traffic" and "assemblage."

In the *Mistele Case, supra,* the injury was upon steps. Although that involved steps leading to a school building, the ame rule applies to eleemosynary organizations and to municipalities. In the *Feirn Case, supra,* this court was dealing with a swimming pier where a platform, bench, diving board, and observation tower were erected as a place of assemblage for the general public and where the same was one unit serving the purpose for which it was constructed. The *Feirn Case* was before us on the pleadings only, and this court said (p. 421):

"However, in the case at bar, under and in view of the above-stated allegations in the complaint as to the nature and

manner of construction and the defendant's intended and actual purposes and uses of the pier and platform as a place of resort, assemblage, occupancy, and use by the public, it was clearly a 'structure' and 'public building' under the safe-place statute, within the meaning of those terms therein, as construed and applied in *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290."

In this case the plaintiffs had fully presented their proof, and there is nothing in the record to show that defendant constructed the stairs and concourse except as an approach to the church. It served the purpose of a sidewalk only, and must be decided on the basis of our prior decisions in sidewalk cases.

We have stated many times that if there is to be any extension of the definitions of "public building" and "structure" the same will have to come from the legislature.

The plaintiffs finally contend that piling the snow in the corner of the platform and permitting the same to remain there so that in a period of thaw an unnaturally created source of water trickled down the stairs and out to the public sidewalk, resulting in the formation of ice upon the steps, constituted the maintenance of a public nuisance. They again call attention to the fact that there were no gutters or drains to prevent the water from flowing down the steps where it would freeze. They also contend that this condition existed for a sufficient length of time so that the defendant knew or should have known that the same was dangerous for public travel. They rely upon the case of *Smith v. Congregation of St. Rose,* 265 Wis. 393, 61 N. W. (2d) 896. In that case there was an appeal from an order overruling a demurrer to a complaint. It is easy enough to allege that a public nuisance exists, where it may be very difficult to prove the allegations of the complaint. In that case we said (p. 401):

"We interpret these allegations to mean that the situation of the water being channeled onto the public sidewalk as

a result of the defective or clogged condition of the downspout existed long enough so that defendant knew, or should have known, of such condition a sufficient length of time prior to the accident to have remedied it. Unless such condition did so exist for such length of time there would be no liability."

Thus, to recover for a public nuisance two conditions must exist: There must be an unnatural or artificial channeling of water, and the icy condition must be maintained over an unreasonable period of time. As we stated above, the icy condition in this case was the result of thawing only a few hours before the accident. There is no proof that the defendant, through its proper agents or employees, knew or should have known of such condition a sufficient length of time prior to the accident to have remedied it.

*By the Court.*—Judgment affirmed.