WEISS, Plaintiff, vs. CITY OF MILWAUKEE and another, Defendants. [Two appeals.]

*December 6, 1954—January 11, 1955.*

For the plaintiff there were briefs and oral argument by *William W. Apter,* attorney, and *William A. Ketterer* of counsel, both of Milwaukee.

For the defendant city of Milwaukee there were briefs by *Walter J. Mattison,* city attorney, and *Arthur Saltzstein* and *Ewald L. Moerke, Jr.,* assistant city attorneys, and oral argument by *Mr. Moerke.*

For the defendant county of Milwaukee there was a brief by *William J. McCauley,* district attorney, and *Oliver L. O'Boyle,* corporation counsel, and *George E. Rice,* assistant corporation counsel, and oral argument by *Mr. Rice.*

FAIRCHILD, C. J. It is appellant's (city of Milwaukee) contention that the steps described in the foregoing statement of facts do not constitute a "structure" as that term is used to define "public building" in sec. 101.01 (12), Stats., and that therefore the safe-place statute does not apply to this case. Sec. 101.06 requires every owner of a public building to "so construct, repair, or maintain" it as to render the same safe; and sec. 101.01 (12) defines the term "public building" as meaning "any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

In those cases involving steps in which the owner of a public building was held liable under the safe-place statute, considerable weight has been given to the matter of whether or not such steps were an "integral part" of a concededly public building. Where the steps were not attached to the building, it has been held that they did not constitute a "structure" within the meaning of the safe-place statute. In *Moore v. Milwaukee,* 267 Wis. 166, 170, 171, 65 N. W. (2d) 3, a case involving a platform leading to the door of a polling booth, but unattached to the booth, it was said:

"Assume, however, without conceding, that it might be considered that the platform was a step instead of a sidewalk. The duty of the owner under the statute is to construct and maintain a public *building* as to render the same safe. Certainly the platform was a structure, but so were the flagstaff and the sidewalks involved in the cases which we have cited, and in each of which recovery was denied. They were not, nor was the platform in the instant case, a building or a part of one; they were not structures within the meaning of the statute. . . .

"Certainly it cannot be said that the platform here involved, unattached to the booth, was an *integral* part of the building.

"We find no authority in the statutes or in the precedents for requiring or permitting us to hold that a step or steps, immediately adjacent to but outside the building, is a part

of a building. To so hold would be an arbitrary determination, judicial legislation. The statutes do not impose upon the owner any duty to maintain the premises adjacent to his building so as to render the same safe."

The steps in question here are not a structure within the meaning of the safe-place statute by virtue of being attached to a public building. They are attached to no building at all. Neither are they a part of a city street. South Shore drive is a street in the city of Milwaukee extending·in a northwesterly and southeasterly direction. Said street is divided into a carriageway and sidewalks on either side (sec. 62.17, Stats.). On the northeasterly side, toward the lake, a gravel or cinder walk constitutes the public sidewalk, and at right angles thereto the wooden steps involved here lead down to the beach. That public cinder walk, which is parallel to the carriageway, is bound on the northeast by its northeast edge. The area outside that edge is, at the point in question, an approach to the public sidewalk, or an approach to the beach, and in this case the approach consists of a series of steps furnished by the city in its governmental capacity as a convenience to those who wish to use it. It has been consistently held that a sidewalk area leading to a public building, although used by the public for access to and from the building, is not a structure and is not governed by the safe-place statute either as a part of the building or by itself. In a recent case, *Meyers v. St. Bernard's Congregation,* ante, p. 285, 67 N. W. (2d) 302, this court held that steps which led from the public sidewalk to a church were of the character of a sidewalk, although not a public sidewalk constituting a part of a street. If such steps or "sidewalks" are not structures within the meaning of the statutes when leading to a public building, then they cannot be held to be structures when leading from a public beach to a public sidewalk. There is no essential difference between a stairway or steps which lead to a public beach or a public sidewalk and a stairway or

steps leading to the door of a polling booth or to the entrance-way of a school or church. Both are used as a means of access by any of the public who wishes to use them. Parks frequently contain public buildings, as for instance, buildings housing animals in a zoo. Also, the topography of parks is well known to be more often than not of a rolling nature, with inclines and slopes. If the steps and approach giving access to an animal house are not a structure either as a part of the building or by themselves, then an isolated series of steps leading to a drinking fountain, or a bandstand, or a pond is not a structure; and where the only means of access from one level to another is a set of steps placed in an embankment, such steps are not a structure within the meaning of the statute.

The legislature in its definition of "public building" in sec. 101.01 (12), Stats., as a "structure used . . . as a place of resort, assemblage, . . . traffic, occupancy, or use by the public," did not intend that every pathway or approach in a public park should be considered a "structure."

Since the steps in this case are not a "structure" within the meaning of the statute, respondent, Armin Weiss, is not entitled to recover damages under the safe-place statute. It is well established that municipalities, like religious and eleemosynary institutions, are immune from liability on the grounds of common-law negligence, and since the steps under consideration are not a part of the public street, the city owes no duty under sec. 81.15, Stats., which requires cities, towns, and villages to maintain their *streets* in repair.

In the case of *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290, one of the cases upon which respondent Armin Weiss so strongly relies, the bleachers there involved were sufficiently in the character of a public building constituting a place of assemblage for the general public to come within the meaning of the safe-place statute. For the same reason the facts as alleged in *Feirn v. Shorewood Hills,* 253 Wis. 418, 34 N. W.

(2d) 107, as they were before us upon demurrer, were sufficient to bring that case under the safe-place statute.

The questions raised by the cross complaints of the city of Milwaukee and the county of Milwaukee are not determined on this appeal, neither being liable, and the cross complaints being made only in the event of plaintiff's recovering damages, which he fails to do.

*By the Court.*—That part of the judgment in favor of the plaintiff against the city of Milwaukee is reversed, and that part of the judgment dismissing the complaint of the plaintiff against the county of Milwaukee is affirmed.

STEINLE, J., took no part.