HARNETT, Appellant, vs. ST. MARY'S CONGREGATION, Respondent.

*December 9, 1955—January 10, 1956.*

604

For the appellant there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *L. P. Baumblatt*.

For the respondent there was a brief and oral argument by *Emmet Horan* of Milwaukee.

CURRIE, J. The sole question on this appeal is whether the amended complaint sets forth a cause of action based upon violation of the safe-place statute (sec. 101.06, Stats.). This is because counsel for plaintiff concedes that recovery cannot be had in Wisconsin against a religious corporation upon a cause of action grounded upon common-law negligence. *Jaeger v. Evangelical Lutheran Holy Ghost Congregation* (1935), 219 Wis. 209, 262 N. W. 585, and *Smith v. Congregation of St. Rose* (1953), 265 Wis. 393, 61 N. W. (2d) 896. The safe-place statute is applicable to religious corporations. *Wilson v. Evangelical Lutheran Church* (1930), 202 Wis. 111, 230 N. W. 708, and *Jaeger v. Evangelical Lutheran Holy Ghost Congregation, supra.*

The pertinent provisions of sec. 101.06, Stats., provide:

". . . Every . . . owner of a . . . public building now or hereafter constructed shall so construct, repair, or maintain such . . . public building, . . . as to render the same safe."

The Wisconsin industrial commission is empowered by sec. 101.10 (5), Stats., to promulgate orders prescribing reasonable standards applicable to the construction, repair, and maintenance of public buildings to render them safe. Sec. 101.01 (8) provides that any such orders of the commission which are made applicable generally throughout the state are termed "general orders." Pursuant to such authority, the commission has issued a large number of general orders setting forth certain safety requirements to be incorporated in the construction of new buildings and the repair and maintenance of existing buildings. Those general orders applicable to the construction of new buildings have been published by the commission in a pamphlet entitled "Building Code for the State of Wisconsin," and those pertaining to existing buildings have been published by the commission in a pamphlet entitled "General Orders on Existing Buildings." Sec. 328.021 expressly empowers all

courts of the state, including this court, to take judicial notice of such orders.

Order 6103 of such General Orders on Existing Buildings provides in part as follows:

"All stairways and steps of more than three risers shall have at least one handrail. Stairways and steps which are five feet or more in width, or which are open on both sides, shall have a handrail on each side."

Par. 3 of Order 5116 of the building code contains identical provisions with respect to handrails.

This court has referred to a general order of this type issued by the commission pursuant to sec. 101.10 (5), Stats., as a "safety order," the violation of which by an owner of a public building may subject such owner to liability under the safe-place statute. *Burling v. Schroeder Hotel Co.* (1940), 235 Wis. 403, 409, 291 N. W. 810, and *Wannmacher v. Baldauf Corp.* (1953), 262 Wis. 523, 539c, 55 N. W. (2d) 895, 57 N. W. (2d) 745.

The photograph constituting Exhibit "A" of the amended complaint clearly discloses that the steps upon which plaintiff sustained her fall were more than five feet in width so that the provisions of the above-quoted safety order with respect to the requiring of handrails were applicable thereto. When both front doors of defendant's church opening upon this flight of six steps were wide open and hooked tight in such position, the rails on the inside of these doors connected with the stationary handrails shown in the photograph to provide handrails which complied with the safety order of the commission. However, when these two doors were closed the top three steps on the north side and the top two steps on the south side were without a handrail.

The amended complaint alleges that the plaintiff's injuries were the "proximate result of the *unsafe manner in which said handrails were installed,* in that they did not come up

to the top of the stairway when the entrance doors were closed." It is further alleged that the accident occurred in

Photograph constituting Exhibit "A" of amended complaint.

January when the north door was closed and locked; that plaintiff was not able to open the south door to its full width and hook it to the outer wall because of its great

weight; and that as she reached out with her right hand for the handrail on the north side after passing through the partly opened south door she fell down the steps because of there being no handrail there.

We deem that such allegations are sufficient to set forth a cause of action against the defendant as an owner of a public building for failing to install handrails necessary to render the building "safe" within the meaning of sec. 101.06, Stats., as amplified by the portion of the safety order of the industrial commission quoted above. This is because the top three steps on the north side and the top two steps on the south side of a six-step flight of steps were without the protection of a handrail except when the door on each of said sides was fully opened and hooked to the outer wall. The defendant was chargeable with knowledge, when it installed such handrails on the inside of such two doors, that they would not likely be kept fully open and hooked to the outer walls in the winter months. At the very least, the allegations of the complaint are sufficient to raise a jury issue as to whether such method of providing the top steps with handrails complied with the safe-place statute.

Counsel for the defendant contends that the failure to have the doors open and hooked to the outer wall at the time of the accident was a mere temporary condition having nothing to do with the structure of the building. It is, therefore, urged that defendant is not liable under the safe-place statute. *Jaeger v. Evangelical Lutheran Holy Ghost Congregation, supra,* is cited as authority supporting such contention. In that case plaintiff was injured as a result of a pile of folding chairs falling upon her as she attempted to remove one of them from the pile. The court held that there could be no recovery under the safe-place statute because plaintiff's injury was due to a temporary condition *"wholly disassociated from the structure"* of the building. However, Mr. Justice WICKHEM was careful to point out in the opinion

the distinction between the facts in the *Jaeger Case* and those in *Kinney v. Luebkeman* (1934), 214 Wis. 1, 252 N. W. 282. In the last-mentioned case the owner of a public building had installed an electric light for lighting a stairway, but someone had failed to turn on the light, which lack of light was a cause of the fall for which damages were sought. The court held that since provisions for artificial light are structural in character, a failure to have the light burning is such a defect in maintenance as to make the tenant in possession and control of the premises liable under the safe-place statute. In the more recent case of *Zimmers v. St. Sebastian's Congregation* (1951), 258 Wis. 496, 46 N. W. (2d) 820, the defendant religious corporation was held liable under the safe-place statute for failure to have a light in the lavatory in the church building turned on.

However, we find it unnecessary in the instant case to decide whether the failure to have the doors open and hooked to the outside walls is of the same character as failure to turn on a light which is necessary to render premises structurally safe. This is because the complaint charges failure to install proper handrails in the first place.

Defendant's counsel raises the further point that the flight of steps does not constitute part of the structure under the facts of the instant case. In referring to the accompanying photograph it will be seen that a covered projecting archway extends out beyond the two front doors so as to inclose on three sides the tread of the fourth step and all of the fifth and sixth steps. Then there are pilasters projecting outward beyond such archway so that only the first, or bottom, step is located outside of the inclosure of the archway and the pilasters.

In resolving the issue of whether the steps on which plaintiff fell constitute part of the structure of the church building we consider it would be helpful if we reviewed some of the recent decisions of this court bearing on such question.

In *Perry v. Labor Temple Asso.* (1953), 264 Wis. 36, 58 N. W. (2d) 293, plaintiff was injured after passing through an outer door onto a platform raised one step above sidewalk level situated in a recessed entranceway. The alleged violation of the safe-place statute was the failure to have such entranceway lighted, and as a result thereof the plaintiff did not see the dropoff to the sidewalk level and turned her ankle as she stepped from the entranceway to the sidewalk. The defendant owner contended that the safe-place statute did not apply to such a situation, but this court held that it did and stated (p. 39) :

"The recessed entranceway was within the building lines and was a part of the building."

The opposite result was reached in *Moore v. Milwaukee* (1954), 267 Wis. 166, 65 N. W. (2d) 3, because of the difference in the fact situation. There the plaintiff wife was injured while stepping off a raised wooden platform placed in front of the door of a polling-booth building as she was leaving such building. This platform was not physically attached to the building. The question at issue was whether such platform was part of a public building so as to make the safe-place statute applicable. This court held that the platform "was in reality only an extension of the public sidewalk providing access to the sidewalk from the booth," and, therefore, not part of the building so that there was no coverage under the safe-place statute. In our opinion we stated (p. 171) :

"Certainly it cannot be said that the platform here involved, unattached to the booth, was an *integral* part of the building."

The case of *Meyers v. St. Bernard's Congregation* (1954), 268 Wis. 285, 67 N. W. (2d) 302, presents still another variation of facts. There a church was erected at a level considerably above that of the public sidewalk. Directly in

front of the church was a large concrete platform or concourse. From both ends of this platform steps led down to the public sidewalk. The plaintiff slipped on one of such steps which was covered with ice and fell and injured herself. It was held that the safe-place statute was not applicable. The gist of the decision on this point is as follows (p. 290):

"In this case the plaintiffs had fully presented their proof, and there is nothing in the record to show that defendant constructed the stairs and concourse except as an approach to the church. It served the purpose of a sidewalk only, and must be decided on the basis of our prior decisions in sidewalk cases."

However, in our opinion in *Meyers v. St. Bernard's Congregation, supra,* we referred to, and quoted from, our decision in *Mistele v. Board of Education* (1954), 267 Wis. 28, 64 N. W. (2d) 428, and mistakenly stated that the accident in the latter case occurred upon steps. Reference to the opinion in the *Mistele Case* discloses that the alleged defect did not occur on the school-building steps but on the private sidewalk onto which the plaintiff stepped after descending the steps. It is, therefore, properly classified as a sidewalk rather than a step case.

Following the cases thus far discussed, came our decision in *Weiss v. Milwaukee* (1955), 268 Wis. 377, 68 N. W. (2d) 13. In that case the plaintiff was injured while descending a wooden stairway in a municipal-park area, which stairway was situated on the side of a bluff leading from a public street to a beach at the bottom of the bluff. It was held that such stairway was not a "structure" within the meaning of the safe-place statute. Both *Moore v. Milwaukee, supra,* and *Meyers v. St. Bernard's Congregation, supra,* are referred to in the opinion, and an attempt is made to formulate a test to determine when steps do or do not constitute part of a public building. Such test is stated as follows (p. 379):

"In those cases involving steps in which the owner of a public building was held liable under the safe-place statute, considerable weight has been given to the matter of whether or not such steps were an 'integral part' of a concededly public building. Where the steps were not attached to the building, it has been held that they did not constitute a 'structure' within the meaning of the safe-place statute."

In the instant case not only were the steps where plaintiff fell physically attached to the building but all except the bottom step were inclosed on three sides by the church structure. The fact that the pilasters projected out from the walls of the building we consider to be wholly immaterial because such pilasters constituted part of the church structure. We, therefore, hold that such steps were part of a public building within the meaning of the safe-place statute.

*By the Court.*—Order and judgment reversed, and cause remanded with directions to enter an order overruling the demurrer to the amended complaint.