KRAUSE and another, Appellants, v. VETERANS OF FOREIGN WARS POST No. 6498, Respondent.

*February 4—March 8, 1960.*

548

550

For the appellants there was a brief and oral argument by *Irvin B. Charney* and *Marvin Resnick,* both of Milwaukee.

For the respondent there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Raymond J. Moore.*

CURRIE, J.   The plaintiffs' complaint alleges that the defendant violated the safe-place statute (sec. 101.06).[1]   The evidence did not disclose any structural defect in defendant's building but rather a temporary condition wholly disassociated from the structure.   Therefore, there could be no liability imposed upon the defendant as an owner of a public building, but any liability would have to be predicated upon the defendant's failure to safely maintain a place of employment.   *Jaeger v. Evangelical Lutheran Holy Ghost Congregation* (1935), 219 Wis. 209, 212, 262 N. W. 585, and *Harnett v. St. Mary's Congregation* (1956), 271 Wis. 603, 610, 74 N. W. (2d) 382.   It is conceded that defendant's clubhouse did constitute a place of employment.

The plaintiffs contend on this appeal that question 4 of the special verdict was unnecessary and, therefore, the jury's answer thereto should have been disregarded by

[1] Sec. 101.06 provides:

"EMPLOYER'S DUTY TO FURNISH SAFE EMPLOYMENT AND PLACE. Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair, or maintain such place of employment or public building as to render the same safe."

the trial court, and judgment should have been rendered in plaintiffs' behalf for 75 per cent of the damages found by the jury. In support of such contention the plaintiffs maintain that question 2 is the question which inquires as to the defendant's negligence, and, therefore, it necessarily embodies within it the element of the defendant's knowledge of the unsafe condition of the dance floor, or of facts which should have put it on notice thereof.

It is well established in Wisconsin that the safe-place statute does not create a cause of action. "It merely lays down a standard of care and if those to whom it applies violate the provisions thereof they are negligent." *Ermis v. Federal Windows Mfg. Co.* (1959), 7 Wis. (2d) 549, 555, 97 N. W. (2d) 485. The learned trial judge undoubtedly had this principle in mind when he framed question 3 of the special verdict. This is because such question inquires, "Was *such negligence* on the part of defendant a cause of Lora Krause's injuries?" It is the violation of the safe-place statute which constitutes negligence on the part of an owner of a place of employment. In this respect such statute does not differ from any other safety statute which imposes a duty to exercise a certain prescribed type of care, such as those rules of the road which are embodied in statutes.

In order for the owner of a place of employment to be found to have violated the safe-place statute with respect to a defect due to a failure of maintenance or repair, he must have had either actual or constructive notice of such defect. *Shumway v. Milwaukee Athletic Club* (1945), 247 Wis. 393, 398, 20 N. W. (2d) 123; *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 204, 64 N. W. (2d) 848; and *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 75, 85 N. W. (2d) 772. The rationale of such rule is stated in *Pettric v. Gridley Dairy Co.* (1930), 202 Wis. 289, 292, 232 N. W. 595, as follows:

"In terms, the statute [sec. 101.06] imposes the absolute duty upon the employer to repair and maintain the place of employment so as to render the same safe. We have given consideration to the question of whether this statutory provision does impose an absolute duty on the employer so as to make him practically an insurer of the safety of his premises so far as repair and maintenance is concerned. It would seem that in order to make an employer liable for defects *in the nature of repair or maintenance he should have either actual or constructive notice of such defects.* Natural principles of justice would seem to require that. . . . We therefore consider that the legislative purpose will be given full scope if the language of the statute be interpreted in accordance with these natural principles of justice, and hold that the duty of the employer to repair or maintain his place of employment does not arise until he has either actual or constructive notice of the defect." (Emphasis supplied.)

We would agree with plaintiffs' contention that question 2 of the verdict made question 4 superfluous, if the trial court would have charged the jury with respect to the necessity of the jury's finding that the defendant had either actual or constructive notice of the alleged unsafe condition in order for the jury to answer question 2 "Yes." However, the trial court gave no such instruction with respect to question 2, but instructed the jury with respect to the element of notice only as to question 4. The objection to use of a separate question covering the element of notice is that because, in the absence of such element in the case of a temporary or transitory defect, there can be no violation of the safe-place statute, and consequently no negligence. Therefore, the use of such additional question is liable to confuse the jury when it comes to consider and answer the comparative-negligence question, as apparently happened in the instant case.

We deem the answers given by the jury to the questions of the special verdict to have resulted in an inconsistent verdict. This is because the "Yes" answer to question 2,

together with the answer to the comparative-negligence question which attributed 75 per cent of the aggregate negligence to the defendant, found the defendant to have been negligent, while the "No" answer to question 4 contradicts such finding. One of the plaintiffs' alternative motions after verdict requested a new trial because the verdict was inconsistent. It was error not to have granted such motion.

The "No" answer to question 4 cannot be treated as surplusage, and judgment be entered upon the verdict in behalf of the plaintiffs, unless it can be determined as a matter of law that the defendant did have actual or constructive knowledge of the unsafe condition which the jury found caused the plaintiff wife's injury. While the defendant may have been chargeable with constructive knowledge that some of the nuts on the repaired chairs did become loose and some came off, the testimony of the employee Nelson tended to show that steps were taken to remedy this, and to inspect the dance floor to see that no foreign objects were present upon it. A jury issue, therefore, was presented as to whether the defendant had constructive knowledge of the unsafe condition which it was found caused the plaintiff wife's injury.

We recommend that trial courts, in framing the question of the special verdict which inquires as to whether a defendant violated the safe-place statute, employ the word "negligent." The reason for this is in order to better correlate this question in the minds of the jury with the comparative-negligence question of the verdict. In line with such recommendation, question 2 of the instant verdict, would have been worded substantially as follows:

"At the time and place in question [or at the time and place of Lora Krause's injury] was the defendant negligent with respect to maintaining the dance hall as safe as the nature of the place reasonably permitted?"

In a situation where the defect is temporary or transitory, and consists in a failure to repair or maintain a place of employment in a condition as safe as the nature of the premises reasonably permitted, the instruction to the jury should make it clear that the defendant owner is not negligent if he had no knowledge of the defect or notice of facts which should have caused him to know of its existence.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.