Hintz, Respondent, v. Zion Evangelical United Brethren Church, Appellant.

Fischer, Respondent, v. Same, Appellant.

*April 3—May 2, 1961.*

442

For the appellant there was a brief by *O'Neill, Boyle & McIntyre* of Fond du Lac, and *Louis L. Croy* of Manitowoc, and oral argument by *Edward T. O'Neill.*

For the respondents the cause was submitted on the brief of *Clark, Rankin, Nash, Emmerling & Spindler* of Manitowoc.

BROWN, J.   Ever since *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697, we have invariably followed the rule that the summary-judgment statute should be applied only where it is perfectly plain that there is no substantial issue of fact to be tried. The statute does not authorize the trial of contested

issues on affidavits. No more does it authorize trial of such issues on adverse examinations. On motions for summary judgment the court merely decides whether the case presents facts to be tried by a jury. *Prime Mfg. Co. Case, supra,* page 355.

Plaintiffs' actions are grounded upon an alleged violation of ch. 101, Stats., the safe-place statute, as it existed on December 25, 1956, the date of the accident. Sec. 101.06, Stats. 1955, required that every owner of a public building shall construct, repair, and maintain the public building so as to render the same safe.

In sec. 101.01 (12), Stats. 1955, a public building was defined as "any structure" used as a place of resort, assemblage, traffic, or use by the public. Without dispute, the defendant religious corporation owns the premises where the accident took place, and the church with its exterior stairway and the platform at the top of the stairs were used by the public. As early as *Wilson v. Evangelical Lutheran Church* (1930), 202 Wis. 111, 230 N. W. 708, and as recently as *Harnett v. St. Mary's Congregation* (1956), 271 Wis. 603, 74 N. W. (2d) 382, we held that religious corporations as owners of public buildings are not exempt from the provisions of the safe-place statute.

Defendant's first contention is that as a matter of law the safe-place statute does not apply to the stairway where plaintiffs fell because the stairway is not a "structure" as that term is employed in the above definition of a public building. To support the contention defendant relies upon a number of our decisions in which various structures constructed on the outside of an admittedly public building to facilitate entry to the building were held not to be included in the category of public buildings as the statute defines "public building," and hence this stairway is not subject to the safe-place statute.

Early in the history of the interpretation of the safe-place statute, *Lawver v. Joint Dist.* (1939), 232 Wis. 608, 612, 288 N. W. 192, we determined that a sidewalk area is not a public building although a sidewalk is undoubtedly a structure used as a place of assemblage, traffic, or other use by the public. Since that time defendant owners of public buildings have tried to bring the facts of their lawsuits within the sidewalk rule, as present defendant tries now.

Defendant places its principal reliance on *Meyers v. St. Bernard's Congregation* (1954), 268 Wis. 285, 67 N. W. (2d) 302. In that case the church was set back from the sidewalk and a short flight of steps led up to a level cement area, referred to as a concourse, after which another series of steps ascended to the church door. In *Weiss v. Milwaukee* (1955), 268 Wis. 377, 379, 68 N. W. (2d) 13, we had emphasized the requirement that to be a part of a public building, and therefore subject to the safe-place statute as such a part, the structure in question must be an integral part of the public building. Therefore, in the *Meyers Case, supra,* when the plaintiff fell on the concourse he attempted to establish the concourse structure as an integral part of the church. However, we held against that contention and we determined that the concourse served the purpose of a sidewalk only and must be decided on the basis of our prior decisions in sidewalk cases. We affirmed the judgment of nonsuit against the plaintiff.

In opposing the defendant's contention that this is merely another sidewalk case, plaintiffs submit that we have here a case like that of *Harnett v. St. Mary's Congregation, supra.* There the plaintiff fell on steps outside the door of the church. In *Harnett* our attention was called to the *Meyers Case, supra,* and to other sidewalk cases and we reviewed such cases in the *Harnett* opinion, analyzed them thoroughly and distinguished the *Harnett* facts from the

sidewalk cases relied on by the defendant. The steps on which plaintiff fell were physically attached to the building, and all except the bottom step were partially inclosed by the church structure, the inclosure consisting of pilasters which were exterior masonry architectural embellishments as shown by the photograph reproduced in the report of the *Harnett Case, supra,* at page 609. We concluded that such steps were a part of the structure of the public building. Therefore, we decided that *Harnett* was not a sidewalk case and the safe-place statute applied.

In the case at bar, the photographs attached to defendant's affidavits show an entry platform immediately adjacent to the main door of the church, which platform is inclosed by a roof conforming to the architectural style of the church itself. One of plaintiffs' affidavits asserts that the platform is connected by reinforcing steel rods which enter the foundation of the church. Plaintiffs' brief says that the foundation and the platform were poured as a unit. The affidavit does not say this was the fact but the complaints allege that the steps are an integral part of the church and testimony may well establish it. The photograph gives the appearance of a single unit which includes the foundation, platform, and stairway integrated both architecturally and physically with the church itself.

This accident occurred in 1956. The legislature, in 1957, amended sec. 101.01 (12), Stats., so as to declare that exterior porches, approaches, and steps to a public building are parts of the public building. Thereby such appurtenances are now expressly subject to the safe-place statute. The appellant argues that the 1957 amendment of sub. (12) demonstrates that in 1955 these steps were *not* parts of the public building. Certainly, sub. (12) as amended would bring under the statute parts of the premises which were not formerly regarded as public buildings, such as the concourse in *Meyers v. St. Bernard's Congregation, supra.*

On the other hand, the entrance and steps of *Harnett v. St. Mary's Congregation, supra,* were already held to be subject to the safe-place statute without the aid of sub. (12) as amended. In that respect the amendment has not changed the law. It follows that amended sub. (12) is not a legislative declaration that, until the amendment, no porch, step, or approach to a public building was subject to the safe-place statute. Only testimony, not yet at hand, respecting the integration of the steps with the main church structure can determine whether at the time and place of the accident the steps were an integral part of the public building and, consequently, whether the safe-place statute, before amended, applying to public buildings did or did not apply to the steps.

The learned trial court held that defendant's contention (that there was no integration of the steps with the public building) could not be determined as a matter of law but an issue of fact exists which must be determined by a trial. We concur.

Even if the steps may be held to be a public building, the defendant contends that plaintiffs' affidavit embodying a part of a pretrial adverse examination of plaintiff Hintz makes conclusive the fact that the plaintiffs slipped and fell due to a temporary slippery condition brought about by weather and the fall is not attributable to a breach of the defendant-owner's obligation to construct, repair, and maintain the structure of the public building, which is the extent of the owner's duty under sec. 101.01 (11), Stats. But the complaint alleges that the steps were defective by reason of holes and cracks in the steps which rendered the steps unsafe and the handrails were also out of repair and unusable, all of which were causes of the accident. These *are* matters of construction, repair, and maintenance. Although on his adverse examination plaintiff Hintz did attribute his

fall to the slippery condition, he is not thereby foreclosed, and even less is his companion plaintiff foreclosed, from producing other evidence which may convince the trier of the fact that a state of structural disrepair and defective maintenance of the stairway was the cause of their accidents, as their complaints allege. These are issues of fact which cannot be determined as matters of law.

We conclude that the trial judge properly denied defendant's motion for summary judgment and continued the action for trial.

*By the Court.*—Order affirmed.